February 15, 2008

**VIA FACSIMILE (212) 805-7901**

Honorable Harold Baer, Jr.
United States District Judge
United States Courthouse
500 Pearl Street
Chambers 2230
New York, NY 10007

Jenner & Block LLP     Chicago
601 Thirteenth Street, NW   Dallas
Suite 1200 South        New York
Washington, DC 20005-3823  Washington, DC
Tel 202 639-6000
www.jenner.com

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

*Re:   Arista Records LLC et al. v. Usenet.com, Inc., 07 CV 8822 (HB)*

Dear Judge Baer:

I am counsel for the Plaintiffs in the above-captioned matter before Your Honor. Plaintiffs write to seek a brief extension of the deadline to file their opposition to Defendant's motion to dismiss for lack of personal jurisdiction. The extension of this deadline would not affect any other deadlines in the Court's Pretrial Scheduling Order. Defendant has consented to this extension.

By way of background, the parties appeared before Your Honor for an initial case management hearing on January 3, 2008. At that time, to allow for discovery on jurisdictional issues, the Court set March 15, 2008 as the date for Plaintiffs to file their opposition to Defendant's motion. That date, however, contemplated that Plaintiffs would be able to complete jurisdiction-related discovery in February. That is no longer feasible. While Defendant recently served its written objections and responses to Plaintiffs' discovery, Defendant has not yet produced *any* documents. Moreover, in Defendant's initial responses, Defendant objected to producing any documents with respect to a substantial portion of Plaintiffs' document requests. Defendant also objected to providing interrogatory responses adequate for Plaintiffs to identify potentially significant deponents. The parties promptly met-and-conferred as to Defendant's objections and, through that process, appear to have made good progress towards resolving their discovery disputes without needing to burden the Court with motions to compel. Plaintiffs await Defendant's final answer on a number of outstanding issues.

However, even assuming that the parties resolve all issues early next week, Defendant has not yet even begun document production, and it is apparent that Defendant would not be able to complete its production until at least the following week. After receiving and reviewing Defendant's documents and other information, Plaintiffs will need to conduct depositions, likely a couple of depositions of Defendant's employees and perhaps a third party. Plaintiffs have been unable to prepare for and conduct these depositions in the absence of Defendant's documents. Indeed, because of deficiencies in Defendant's interrogatory responses (which Defendant has now agreed to supplement), Plaintiffs have not yet been able to identify all potential deponents who have material information regarding Defendant's business transactions in New York and with New York residents.

Barring Defendant reversing its preliminary agreements regarding the discovery it will provide, Plaintiffs would expect to be able to complete this jurisdictional discovery in the next several weeks, and are thus seeking a three-week extension of the jurisdictional briefing schedule. The requested schedule is as follows:

- **April 4, 2008** – Plaintiffs to file their opposition to Defendant's motion. (The current deadline is March 15, 2008.)

- **April 18, 2008** – Defendant to file its reply brief. (The current deadline is March 29, 2008.)

As indicated, Plaintiffs are not seeking to change, and this request would not affect, any other date in the Court's Pretrial Scheduling Order. Specifically, the parties contemplate that merits discovery would begin and conclude as currently scheduled; that motions would be heard as currently scheduled; and that the joint pre-trial order would be submitted as currently scheduled. No merits discovery taken in this case will result in wasted effort even if the Court were to determine that this action should proceed in North Dakota, as Defendant's argue, for all such discovery would be relevant to and could be used in any North Dakota suit.

Plaintiffs only reluctantly request this short extension. The status quo is that Defendant's subscribers continue to infringe Plaintiffs' copyrighted sound recordings every day. Thus, Plaintiffs have a strong interest in moving this case forward as quickly as possible. However, without the jurisdictional discovery not yet received, Plaintiffs would be unfairly prejudiced in preparing their opposition to Defendant's motion.

Respectfully submitted,

Steven B. Fabrizio

Attachment (Docket Report as provided by Rule 1.E. of the Court's Individual Practices)

cc: Counsel for Defendant
(Via Electronic Mail)

[Handwritten note from judge, partially legible:] I'll grant 4 + 18 in reliance of the PSO remains unchanged, if you are convinced that the other dates as they now continue may be pursued + discovery completed so as not to disturb the trial month.

Harold Baer, Jr. U.S.D.J.
Date: 2/22/08

Endorsement:

    I'll grant the application to April 4 and 18 respectively so long as the balance of the PTSO remains intact as I am sure you know if you are concerned that the songs continued to be played there are other courses you may peruse.  Do not wait any length of time if a discovery dispute deprives you of record you are entitled to because there is no way the trial month can be extended.