ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



RECEIVED APR 09 2008
U.S. DISTRICT JUDGE
S.D.N.Y.

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>USENET.COM, INC.,<br>Defendant. | 07-CIV-8822(HB)<br><br>PROPOSED STIPULATED PROTECTIVE ORDER |

41094.4

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

WHEREAS, there is currently pending before the United States District Court, Southern District of New York, ARISTA RECORDS LLC., et al., v. USENET.COM, Inc., Case No. 07-CIV-8822 (HB); and

WHEREAS, both Plaintiffs in the aforementioned litigation (hereinafter "the Record Companies") and Defendant (hereinafter "Usenet.com") agree that good cause exists for entry of a Protective Order with respect to trade secret or other confidential financial, business, research, development, technical, strategic, and/or personal information that otherwise might be disclosed without confidentiality protections in the course of this litigation; and

WHEREAS, the parties agree that a Protective Order should apply to certain Confidential and Highly Confidential documents produced in this litigation;

THEREFORE, the parties stipulate as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action (collectively, "Discovery Materials") which that party or nonparty in good faith believes comprise or reflect confidential and/or proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or nonparty would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary, commercially sensitive or otherwise confidential documents, trade secrets, financial data, contracts and agreements, current and future business and strategic plans, technical documents, and marketing documents.[1]

---

[1] Except as set forth in paragraph 14 herein, this Protective Order does not apply to hearings or trial before the District Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

2

41094 4

2. Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and such information shall not be disclosed to anyone except as provided herein.

3. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated as "Confidential" or "Highly Confidential" by such party or nonparty pursuant to Paragraph 4 of this Protective Order.

   a. "Confidential Information" shall include any Discovery Materials which the producing party or nonparty reasonably believes not to be in the public domain and contains any trade secret or other confidential financial, business, research, development, technical, strategic, and/or personal information.

   b. "Highly Confidential Information" shall include any Confidential Information which the producing party or nonparty reasonably believes to be so sensitive that it is entitled to extraordinary protections.

4. The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

   a. in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each page of any document containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

   b. In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation

3

41094.4

sent by counsel to all parties within twenty (20) days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Protective Order. Whether or not so designated on the record at deposition, the parties shall treat all deposition testimony as "Confidential" under this Protective Order until the expiration of twenty (20) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. Unless specific designations of portions of a transcript have been made on the record during the proceeding, or in writing within twenty (20) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition, any confidentiality is waived after the expiration of the twentieth court day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

   c. A party or nonparty furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

   5. "Confidential Information" may be disclosed under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying imaging and presentation services, who are working on this litigation under the direction of such attorneys;

   b. In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

   c. Counsel employed by the Recording Industry Association of America who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

41094.4

      d.    The parties to this litigation;

      e.    Subject to Paragraphs 8 and 10 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

      f.    Subject to Paragraph 10 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

      g.    Those witnesses as permitted under Paragraph 9 herein.

      h.    The Court and Court personnel.

      i.    Subject to Paragraph 10 herein, court reporters, interpreters and videographers employed in connection with this action.

6.    "Highly Confidential Information" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

      a.    Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying imaging and presentation services, who are working on this litigation under the direction of such attorneys;

      b.    In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

      c.    Counsel employed by the Recording Industry Association of America who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

      d.    Subject to Paragraphs 8 and 10 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Highly Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

      e.    Subject to Paragraph 10 herein, any other persons who are designated to receive material designated "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

      f.    Those witnesses as permitted under Paragraph 9 herein.

41094.4

   g. The Court and Court personnel.

   h. Subject to Paragraph 10 herein, court reporters, interpreters and videographers employed in connection with this action.

  7. The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information. To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (*i.e.*, document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. Once such a request is made, and pending resolution of the dispute by the Court, the information at issue shall not be disclosed to those other individuals, except to the extent those individuals include any current counsel of record. Current counsel of record shall continue to enjoy the right to access the information at issue unless and until the Court rules otherwise. The moving party shall, thereafter, within five (5) court days of making the aforementioned request to restrict access, file the information under seal with the Court and identify the person(s) (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s). If the Court is inclined to grant the order, it will notify the affected party and invite briefing before issuing an order.

  8. For the purposes of this Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case. Upon provision to the producing party of the consultant's or expert's name, business address, CV, and affiliation, counsel for the party seeking to disclose material to the consultant or expert may, pursuant to the provisions of paragraph 10, furnish to that consultant or expert a copy of this Protective Order, and a copy of the Notification of Protective Order. During the five court day period prior to the consultant's or expert's review of materials designated under this Order, counsel for the designating party shall have the opportunity to oppose the proposed disclosure. Any party opposing disclosure shall within such five court day period provide the

other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Eastern time, on the fifth court day following the date of disclosure of the identity of the proposed consultant or expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection. However, after the five court day period has expired without objection, a party may still move the Court to allow it to object to a consultant or expert if it can show: (a) there is new, material information relating to the consultant or expert, which was not available to the objecting party within the five-day objection period; and (b) had the objecting party been aware of the information at the time, the objecting party would have objected to the consultant or expert. In such a case, the objecting party shall raise the objection within ten (10) court days of coming into possession of such new, material information relating to the consultant or expert. Pending resolution of the objection, no additional confidential material shall be disclosed to the consultant or expert. The disclosing party shall respond by letter, sent by electronic mail, within three (3) court days of receiving such an objection. If not resolved, the objecting party shall, within three (3) court days of the other party's letter response (or the lapse of the time period for such response) send to the other party by electronic mail its portion of a joint discovery dispute letter. Within three (3) court days of receipt of such portion of the joint letter, the party seeking to disclose shall send its portion of the joint letter to the objecting party by electronic mail. Within two (2) court days of receipt of both portions of the joint letter, the objecting party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience.

    9.    Each person set forth in Paragraphs 5(g) and 6(f) to be examined as a witness, may be so examined during a deposition or other pretrial proceeding concerning any information or material designated under this Protective Order which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated under this Protective Order by a party which appears on its face or from other documents or testimony to have been received or authored by that witness, or communicated to that witness under circumstances that do not constitute a violation of the Protective Order. Neither the witness nor his or her attorney may retain a copy of information or material governed by this Paragraph after the examination. The court reporter shall not send such information or material as exhibits to the witness.

41094.4

10. Each person set forth in Paragraphs 5(e), 5(f), 5(i), 6(d), 6(e), and 6(h) shall, prior to receiving material designated under this Protective Order, be furnished with a copy of this Protective Order, and a copy of the Notification of Protective Order, which the person shall read and sign (attached as Exhibit A). Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Notifications. Copies of any such Notification shall be provided to counsel for the other parties or affected nonparties upon execution of the Notification.

11. Neither Confidential Information nor Highly Confidential Information shall be disclosed to any person not expressly described as a valid recipient of such information in Paragraph 5 or 6 without further order of the court, excepting any disclosure that occurs in accordance with Paragraph 17. Neither Confidential Information nor Highly Confidential Information shall be used by any person, including, without limitation, any parties, counsel or experts, for any purpose other than with respect to this lawsuit. The recipient of any material designated under this Protective Order shall use best efforts under the circumstances to maintain the confidentiality of such information.

12. Any third party may obtain protection of this Protective Order by complying with Paragraphs 3 and 4 of this Protective Order regarding designating materials as confidential. A party making a discovery request to a nonparty in this action shall notify the third party that the protections of the Protective Order are available to such third party.

13. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

14. In the event that any material designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the party shall file such material under seal, except that upon

the failure of the filing party to so request, any other party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection. Where possible, only confidential portions of filings with the Court shall be sought to be filed under seal. The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality designations of materials filed with the Court can be waived. As soon as practicable, but in no event later than five (5) court days after the filing of material under seal, the filing party shall file with the Court, for its public file, a copy of the filed materials with the material designated under this Protective Order redacted.

15. A party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with a particular confidentiality designation, such party shall provide to the designating party or nonparty a letter, sent by electronic mail, stating its objection to the designation and basis of that objection. The designating person or entity shall respond by letter, sent by electronic mail, within ten (10) court days to such letter. If the challenge is not resolved, the objecting party shall within ten (10) court days of the designating person or entity's letter response (or the lapse of the time period for such response) send to the designating person or entity by electronic mail its portion of a joint discovery dispute letter. Within five (5) court days of receipt of such portion of the joint letter, the designating person or entity shall send its portion of the joint letter to the objecting party by electronic mail. Within two (2) court days of receipt of both portions of the joint letter, the objecting party shall submit the joint letter to the Court and a hearing shall be scheduled at the Court's earliest convenience. The burden of proving that information has been properly designated under this Order is on the person or entity making such designation.

16. Nothing in this Protective Order shall preclude any party to this litigation or its counsel: (a) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from

9

41094.4

disclosing or using, in any lawful manner or for any lawful purpose, any information or documents from the party's own files which the party itself has designated under this Protective Order.

17. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Protective Order and that the material requested by the nonparty has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances no later than five (5) days prior to the date on which such confidential material is to be produced to the nonparty.

18. If a party inadvertently fails to designate material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to recover all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 6 herein, as well as any copies made by such persons.

19. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing this Protective Order.

20. Entering into this Protective Order, producing or receiving information or material designated under this Protective Order, not objecting to any designation under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

    a. operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

10

41094.4

      b.    operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Protective Order;

      c.    prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

      d.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

      e.    prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

      f.    prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

      g.    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

21.    This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

22.    In the event that information in the possession or control of a person or entity involves the confidentiality rights of a nonparty or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly make a good-faith effort to obtain the consent of the nonparty to disclose the information under this Protective Order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information and; (b) the identity of the nonparty (provided, however, that such disclosure of the identity of

11

41094.4

the nonparty does not violate any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek an order compelling discovery.

23. Within sixty (60) days after the final termination of litigation between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraph 5 may retain complete and unredacted copies of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party. Reference to designated materials (including such materials in work product or pleadings) shall be made solely in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance or a dispute over the use or dissemination of material designated under this Protective Order. Such retained copies of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained confidential material. The Court is specifically exempted from any return or destruction requirements contemplated by this provision.

24. Inadvertent production of any document produced in response to discovery requests in this action by any party or nonparty, that a party or nonparty later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or nonparty may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five (5) business days destroy or return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. A party may move the Court for an order compelling production of the document, but said party may not

41094 4

assert as a ground for the entering such an order the fact or circumstances of the inadvertent production. Nothing in this Order, shall preclude a party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct other than the alleged inadvertent production in this litigation constitutes a waiver.

SO STIPULATED:

Dated: April 8, 2008

JENNER & BLOCK LLP
STEVEN B. FABRIZIO
GIANNI P. SERVODIDIO
LUKE C. PLATZER

RECORDING INDUSTRY ASSOCIATION OF AMERICA
KENNETH L. DOROSHOW
SCOTT A. ZEBRAK

By: _____
Gianni Servodidio
*Attorneys for Plaintiffs*

Dated: April __, 2008

PORTER & HEDGES, LLP
CHARLES S. BAKER
JOHN R. HAWKINS

PORZIO, BROMBERG & NEWMAN, P.C.
LAUREN E. HANDLER

By: _____ by permission (JRH)
Charles Baker
*Attorneys for Defendant*

IT IS SO ORDERED
Dated: April 10, 2008

_____
UNITED STATES DISTRICT JUDGE

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.
Date: 4/10/08

41094.4

13