UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITAL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>USENET.COM, INC.,<br><br>Defendant. | Civil Action No. 07-CIV-8822(HB)<br><br>**DEFENDANT USENET.COM, INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY DEMAND** |

Defendant Usenet.com, Inc. ("Defendant") responds to Plaintiffs' Original Complaint ("Complaint") as follows:

1.  Defendant lacks sufficient knowledge to admit or deny the allegations of the first sentence in paragraph 1 of the Complaint and on that basis denies the allegations. Defendant denies the allegations of the second sentence in paragraph 1 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations of the third sentence in paragraph 1 of the Complaint and on that basis denies the allegations. Defendant lacks sufficient knowledge to admit or deny the allegations of the fourth sentence in paragraph 1 of the Complaint and on that basis denies the allegations. Defendant denies the allegations of the fifth sentence in paragraph 1 of the Complaint.

2. Defendant denies the allegations of paragraph 2 of the Complaint.

3. Defendant denies the allegations of paragraph 3 of the Complaint.

4. Defendant denies the allegations of paragraph 4 of the Complaint.

5. Defendant denies the allegations of the first and second sentences in paragraph 5 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations of the third sentence of paragraph 5 of the Complaint and on that basis denies the allegations.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant admits that this Court has subject matter jurisdiction.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies the first two sentences of paragraph 9 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 9 of the Complaint and on that basis denies the allegations.

10. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies the allegations.

11. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 11 of the Complaint and on that basis denies the allegations.

12. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 12 of the Complaint and on that basis denies the allegations.

13. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 13 of the Complaint and on that basis denies the allegations.

14. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 14 of the Complaint and on that basis denies the allegations.

15. Defendant admits the allegations in the first sentence of paragraph 15 of the Complaint. Defendant denies the allegations in the second sentence of paragraph 15 of the Complaint.

16. Defendant denies the allegations in the first and second sentences of paragraph 16 of the Complaint. Defendant admits the allegations in the third sentence of paragraph 16 of the Complaint. Defendant denies the allegations in the fourth sentence of paragraph 16 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations in the fifth and sixth sentences of paragraph 16 of the Complaint and on that basis denies the allegations.

17. Defendant admits the allegations in the first sentence of paragraph 17 of the Complaint. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations of the first two sentences of paragraph 18 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations in the remaining sentences of paragraph 18 of the Complaint and on that basis denies the allegations.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 19 of the Complaint and on that basis denies the allegations. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint, except that it admits that it charges its customers a monthly subscription fee.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 24 of the Complaint and on that basis denies the allegations.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in the first sentence of paragraph 27 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 27 of the Complaint and on that basis denies the allegations. Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant admits the allegations in the first sentence of paragraph 31 of the Complaint. Defendant admits that Usenet.com's Copyright Policy prohibits subscribers from "posting, distribution, or reproduction in any way any copyrighted material, trademarks, or other proprietary information without obtaining the prior written consent of the owner of such proprietary rights" but denies the remaining allegations in the second sentence of paragraph 31 of the Complaint. Defendant denies the remaining allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in the first sentence of paragraph 32 of the Complaint but admits that it received one or more letters from The Recording Industry Association of America that were intentionally improperly formatted. Defendant denies the allegations in the second sentence in paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

## CLAIM ONE FOR RELIEF

**(Direct Copyright Infringement – Infringement of Plaintiffs' Distribution Right)**

35. Defendant incorporates paragraphs 1-34 by reference as if fully set forth herein.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

## CLAIM TWO FOR RELIEF

**(Direct Copyright Infringement – Infringement of Plaintiffs' Reproduction Right)**

43. Defendant incorporates paragraphs 1-42 by reference as if fully set forth herein.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

## CLAIM THREE FOR RELIEF

**(Inducement of Copyright Infringement)**

51. Defendant incorporates paragraphs 1-50 by reference as if fully set forth herein.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

## CLAIM FOUR FOR RELIEF

### (Contributory Copyright Infringement)

61. Defendant incorporates paragraphs 1-60 by reference as if fully set forth herein.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

68. Defendant denies the allegations of paragraph 68 of the Complaint.

69. Defendant denies the allegations of paragraph 69 of the Complaint.

70. Defendant denies the allegations of paragraph 70 of the Complaint.

## CLAIM FIVE FOR RELIEF

### (Vicarious Copyright Infringement)

71. Defendant incorporates paragraphs 1-70 by reference as if fully set forth herein.

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Defendant denies the allegations of paragraph 74 of the Complaint.

74. Defendant denies the allegations of paragraph 75 of the Complaint.

75. Defendant denies the allegations of paragraph 76 of the Complaint.

76. Defendant denies the allegations of paragraph 77 of the Complaint.

77. Defendant denies the allegations of paragraph 78 of the Complaint.

78. Defendant denies the allegations of paragraph 79 of the Complaint.

79. Defendant denies the allegations of paragraph 80 of the Complaint.

80. Defendant denies the allegations of paragraph 81 of the Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs have failed to join indispensable parties.

**Third Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of copyright misuse.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred by laches.

**Sixth Affirmative Defense**

Plaintiffs lack standing.

**Seventh Affirmative Defense**

Plaintiffs do not own or control the rights giving rise to the claims purportedly raised in the Complaint.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part to the extent they seek to claim copyright or other intellectual property rights as to works that are in the public domain and therefore not protected.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred by the Audio Home Recording Act.

**Tenth Affirmative Defense**

Any injury that Plaintiffs' may have allegedly suffered is a result of independent acts taken by third parties for which Defendant is not responsible.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred because they cannot establish that the accused products or services are incapable of substantial non-infringing uses.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred by license, consent, acquiescence, waiver, and estoppel.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the Digital Millennium Copyright Act.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of fair use.

**Fifteenth Affirmative Defense**

Plaintiffs' claims for statutory damages are barred by the U.S. Constitution.

**Sixteenth Affirmative Defense**

Plaintiffs' claims are barred for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations of copyrights alleged in the Complaint.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred to the extent they have caused fraud upon the Copyright Office.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred by the first sale doctrine.

**Nineteenth Affirmative Defense**

Plaintiffs' claims are barred by their failure to mitigate damages.

**Twentieth Affirmative Defense**

Plaintiffs' claims are barred to the extent they have forfeited or abandoned copyright.

**Twenty-First Affirmative Defense**

Plaintiffs' claims are barred because of deceptive and misleading advertising in connection with the distribution of their copyrighted works.

**Twenty-Second Affirmative Defense**

Plaintiffs' claims are barred to the extent any persons, based on whose behavior Plaintiffs seek to hold Defendant liable, are innocent infringers.

**Twenty-Third Affirmative Defense**

Plaintiffs' claims are barred because Defendant's conduct falls within the protections of 17 U.S.C. § 512.

**Twenty-Fourth Affirmative Defense**

Plaintiffs' claims are barred for failure to comply with the notice provisions of 17 U.S.C. § 512.

## COUNTERCLAIMS

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 17 U.S.C. § 101 et seq. Venue is proper in this District because Plaintiffs have filed suit in this district.

1. Declaratory relief is warranted because the facts herein show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant relief. Specifically, there exists a substantial controversy between Plaintiffs and Defendant as to whether Defendant's activities constitute direct or indirect copyright infringement, and whether Defendant is protected under the Digital Millenium Copyright Act, 17 U.S.C. §§ 512 et seq. ("DMCA").

2. Accordingly, Defendant seeks the following declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure that:

    (a) Usenet.com, Inc. is a service provider as defined by the DMCA, 17 U.S.C. § 512(k)(1);

    (b) Usenet.com, Inc.'s conduct falls within the protections of 17 U.S.C. § 512(a);

    (c) Usenet.com, Inc.'s conduct falls within the protections of 17 U.S.C. § 512(c);

    (d) The notice served on Usenet.com, Inc. was deficient under 17 U.S.C. § 512(c)(3);

    (e) Usenet.com, Inc. has adopted and reasonably implemented, and informs subscribers and account holders of Usenet.com, a policy that provides for the termination in appropriate circumstances of repeat infringers as required by 17 U.S.C. § 512(i)(1)(A);

    (f) Usenet.com, Inc. accommodates and does not interfere with standard technical measures as defined by 17 U.S.C. § 512(i)((2); and

    (g) The activities of Usenet.com, Inc. do not constitute inducement of copyright infringement, contributory copyright infringement, or vicarious copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant prays for relief as follows:

a. That Plaintiffs take nothing as a result of their affirmative claims, that Plaintiffs' claims be dismissed with prejudice and that Defendant be awarded their costs and reasonable attorneys' fees;

b. That the Court issue a declaratory judgment as described above; and

c. Such other and further relief as this Court may deem just and fair.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial of this action by jury.

Dated: May 8, 2008.

Respectfully submitted,

By: __/s/ Charles S. Baker_____

| Of Counsel: | Charles S. Baker (CB1365) |
| --- | --- |
| | Joseph D. Cohen (JC3017) |
| Lauren E. Handler (LH 6908) | John R. Hawkins (JH9594) |
| PORZIO, BROMBERG & | PORTER & HEDGES, LLP |
| 100 Southgate Parkway | 1000 Main Street, 36th Floor |
| P.O. Box 1997 | Houston, Texas 77002 |
| Morristown, NJ 07962-1997 | (713) 226-6000 (Telephone) |
| Tel. (973) 889-4326 | (713) 228-1331 (Facsimile) |
| Fax (973) 538-5146 | cbaker@porterhedges.com |
| *Attorneys for Defendants* | jcohen@porterhedges.com |
| | jrhawkins@porterhedges.com |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing pleading was served via email and the Court's ECF Filing System on this 8th day of May, 2008.

| | |
|---|---|
| Steven B. Fabrizio | Kenneth L. Doroshow |
| Luke C. Platzer | Karyn A. Temple |
| Jenner & Block LLP | Recording Industry Association of America |
| 601 Thirteenth Street, NW | 1025 F Street, NW, 10th Floor |
| Suite 1200 South | Washington, DC 20004 |
| Washington, DC 20005 | Telephone: (202) 775-0101 |
| Telephone: 202.639.6000 | Facsimile: (202) 775-7253 |
| Facsimile: 202.639.6066 | Email: KDoroshow@RIAA.Com |
| Email: sfabrizio@jenner.com | |
| lplatzer@jenner.com | |

Gianni P. Servodidio
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: 212.891.1620
Facsimile: 212.891.1699
Email: gps@jenner.com

                                             /s/ Charles S. Baker
                                                 Charles S. Baker