UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>USENET.COM,<br><br>Defendant. | Case No. 07-civ-8822 (HB) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO DISMISS COUNTERCLAIMS**

**INTRODUCTION**

Plaintiffs are recording companies that have brought suit against Defendant pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, for both primary and secondary liability for infringing Plaintiffs' copyrighted sound recordings. As alleged in the Complaint, the case arises out of Defendant's operation of a subscriber business through which Defendant engages in, enables and facilitates the distribution and downloading of millions of infringing copies of Plaintiffs' sound recordings. Complaint ¶ 3. Defendant has asserted seven counterclaims for declaratory judgment: one that it is not liable for secondary copyright infringement, and six on miscellaneous legal issues that pertain to the limitation on liability in Section 512 of the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA"). Although Defendant has labeled these

as 'counterclaims,' they are nothing more than a denial of liability and recitation of the constituent parts that make up its two affirmative defenses based on the DMCA.  They are, moreover, entirely duplicative of issues already before the Court.  The Court should strike or dismiss these counterclaims as redundant and/or as mistakenly labeled affirmative defenses, or, in the alternative, should decline to exercise jurisdiction under the Declaratory Judgment Act and dismiss these counterclaims for either lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

## BACKGROUND

This is an action arising out of Defendant's operation of an online service selling access to a body of content hosted on computers owned or controlled by Defendant that contains (without authorization) plaintiffs' copyrighted sound recordings.  Complaint at ¶ 2.  Defendant has promoted its service as a haven for those seeking pirated content boasting that its service is the best way to get "free" music now that other "[f]ile sharing websites are getting shut down." *Id.*  Plaintiffs' Complaint alleges that Defendant is liable by reason of its operation of the Usenet.com service for direct and secondary infringement of Plaintiffs' copyrights.

Defendant filed its Answer, on May 8, 2008, asserting numerous baseless affirmative defenses including as its "First Affirmative Defense" that "the Complaint fails to state a claim upon which relief can be granted," Answer at 7, as its "Twenty-Third Affirmative Defense" that "Plaintiffs' claims are barred because Defendant's conduct falls within the protections of 17 U.S.C. § 512," Answer at 9, and as its "Twenty-Fourth Affirmative Defense" that "Plaintiffs' claims are barred for failure to comply with the notice provisions of 17 U.S.C. § 512."  Answer

at 9.[1]  The Answer also asserts seven Counterclaims, all pursuant to the Declaratory Judgment Act.  *Id.*  One seeks a declaration that Defendant's activities do not constitute secondary copyright infringement as alleged in the Complaint, *id*. at 10 and the other six counterclaims seek declarations that Defendant somehow is shielded from liability under Section 512 of the DMCA, or that Plaintiffs fail to meet statutory criteria that might defeat an otherwise-applicable limitation on liability under that Section.  Answer at 10.

## LEGAL STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court should "accept as true the factual allegations made in the complaint and draw all inferences in favor of the plaintiffs."  *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998).  Similarly, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), where the facial validity of the pleadings is challenged, "the court accepts as true the uncontroverted factual allegations in the complaint."  *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 404 (S.D.N.Y. 2002), *aff'd*, 346 F.2d 357 (2d Cir. 2003).

In addition to Rules 12(b)(6) and 12(b)(1), Rule 12(f) provides that "the court may strike from a pleading . . . any redundant . . . matter."  Fed. R. Civ. P. 12(f).  Rule 8(c)(2) also provides that "[i]f a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  Fed. R. Civ. P. 8(c)(2).

---

[1] 17 U.S.C. § 512 ("Section 512") is a statutory limitation on monetary liability and partial limitation on injunctive relief for certain online service providers.  *See id*.  The "notice provisions" referenced by Defendants relate to a plaintiff's ability to overcome an otherwise-applicable defense under that section by, *inter alia*, notifying the provider of infringement on its system or network prior to bringing suit.  *See id.* § 512(c)(3).

# ARGUMENT

**I.     Defendant's Counterclaims Are Mere 'Mirror Images' of Plaintiffs' Counts and Defendant's Affirmative Defenses, and Should Be Stricken or Dismissed as Duplicative Pursuant to Rule 12(f) or, in the Alternative, Rule 12(b)(6).**

Courts have held that "when a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose" and may be dismissed or stricken by the court. *Interscope Records v. Kimmel*, No. 07-cv-0108, 2007 WL 1756383, at *2 (N.D.N.Y. June 18, 2007) (quoting *FDIC v. Project Development Corp.*, 819 F.2d 289 (6th Cir. 1987) (unpublished)); *accord Atlantic Recording Corp. v. Serrano*, No. 07-cv-1824, 2007 WL 4612921, at *4 (S.D. Cal. Dec. 28, 2007) (dismissing counterclaim for declaratory judgment that Defendant had not committed copyright infringement as "redundant and unnecessary"). Accordingly, courts routinely dismiss or strike 'mirror image' counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case. *See Interscope Records v. Duty*, No. 2:05-CV-3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. April 14, 2006) (dismissing Defendant's declaratory judgment counterclaim as "redundant and unnecessary" because "the issue of copyright infringement will be decided by this court regardless of the declaratory judgment claim…"); *see also Arista Records, LLC v. Tschirhart*, 05-CV-372-OLG, slip op. at 9-10 (W.D. Tex. May 24, 2006) (dismissing a counterclaim for declaratory judgment of non-infringement because the claim was both "redundant and unnecessary"); *Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc.,* 362 F. Supp. 78, 82 (N.D. Ill. 1973) (dismissing Defendant's counterclaims because they "merely restat[ed] an issue already before th[e] Court" and "[i]t is well settled that such repetitious and unnecessary pleadings should be stricken").

The same is true where a declaratory judgment counterclaim is simply duplicative of issues already before the court because a defendant presents them in its affirmative defenses. *See e.g., Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *2-*3 (N.D. Cal. May 13, 2008) (striking counterclaim pursuant to Rule 12(f) as "redundant of [Defendant's] affirmative defenses"); *FDIC v. Bancinsure, Inc.*, 770 F. Supp. 496, 500 (D. Minn. 1991) (dismissing counterclaim that "seeks the same result as defendant's denials and affirmative defenses" as "redundant"); *Lee v. Park Lane Togs, Inc.*, 81 F. Supp. 853, 854 (S.D.N.Y. 1948) (dismissing defendant's counterclaim seeking declaration of invalidity of trademark as unnecessary where allegations of counterclaim were already before court as a defense.).

These cases strongly favor dismissal, or, in the alternative, the striking of Defendant's counterclaims here. Defendant's Counterclaims (a) through (f) seek declaratory judgment with respect to ancillary legal issues that are relevant solely to whether Defendant qualifies for the limitation on liability in Section 512 of the DMCA and whether Plaintiffs can overcome this statutory defense, if applicable. *See* Answer at 10. These are wholly duplicative of, and raise no issues beyond, Defendant's Twenty-Third and Twenty-Fourth Affirmative Defenses. *See* Answer at 9. Moreover, Defendant's Counterclaim (g), which seeks a declaration that Defendant's activities "do not constitute inducement of copyright infringement, contributory copyright infringement, or vicarious copyright infringement," Answer at 10, is simply a mirror image of Plaintiffs' third, fourth, and fifth claims for relief, which allege that Defendant's activities do constitute inducement of copyright infringement, contributory copyright infringement, and vicarious copyright infringement. *See* Complaint at pp. 18-20 (Count III); *id.* at 20-22 (Count IV); *id.* at 22-24 (Count V). It is also duplicative of, and raises no issues beyond, Defendant's "First Affirmative Defense" that "[t]he Complaint fails to state a claim

upon which relief can be granted." Answer at 7. Inclusion of these as counterclaims "serves no purpose" and they should be dismissed or stricken.

## II. The Court Should Decline to Exercise Jurisdiction Over Defendant's Counterclaims Under the Declaratory Judgment Act and Dismiss Them Pursuant to Rule 12(b)(1) or 12(b)(6).

Defendant's Counterclaims should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Rule 12(b)(6) because they do not warrant the Court's discretionary exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and hence are not within the subject matter jurisdiction of the court and fail to state a claim upon which relief can be granted.

The Declaratory Judgment Act "does not require the courts to issue a declaratory judgment. Rather, it confers a *discretion* upon the courts rather than an absolute right upon the litigant." *The New York Times Co. v. Gonzales*, 459 F.3d 160, 165 (2d Cir. 2006) (emphasis added). There are "five factors" the court considers "before entertaining a declaratory judgment action":

> (i) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (ii) whether a judgment would finalize the controversy and offer relief from uncertainty; (iii) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (iv) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (v) whether there is a better or more effective remedy.

*Interscope Records v. Kimmel*, 2007 WL 1756383, at *4 (citing *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003)). These factors counsel against the Court's discretionary exercise of jurisdiction over Defendant's Counterclaims here.

Here, a declaratory judgment would serve no "useful purpose in clarifying the legal issues involved" and will not "finalize the controversy and offer relief from uncertainty" because

6

the issues presented by Defendant's counterclaims are identical to those already before the Court. *See* pp. 5-6, *supra*. Moreover, Defendant's Counterclaims are plainly "being used merely for procedural fencing," as it is "simply attempting to recast [it]self as Plaintiff" by bringing suit against Plaintiffs for the exact same matters already before the Court. *Cf. Interscope Records v. Kimmel*, 2007 WL 1756383, at *4-5. Friction between legal systems is not implicated here; however there is "a better or more effective remedy" than Defendant's Counterclaims: Plaintiffs' claims for secondary infringement (with respect to counterclaim (g)) and Defendant's Twenty-Third and Twenty-Fourth Affirmative Defenses (with respect to counterclaims (a) through (f)). *Id.* at *4. Exercising discretionary jurisdiction over the Counterclaims would do no more than waste judicial resources. The Court in *Interscope Records v. Kimmel*, 2007 WL 1756383, at *4-5, declined to exercise jurisdiction over counterclaims of noninfringement on facts substantially similar to those here. *Id*. This Court should do the same.

### III. The Court Should Treat Defendant's DMCA Counterclaims As Mistakenly Designated Affirmative Defenses Pursuant To Rule 8(c)(2).

In the alternative, the Court should designate Plaintiff's counterclaims (a) through (f) – all of which seek declarations on subsidiary statutory questions pertaining to Defendant's ability to invoke the partial safe harbor under Section 512 of the DMCA – as affirmative defenses mistakenly designated as counterclaims pursuant to Fed. R. Civ. P. 8(c)(2).

Defendant already asserts, as its Twenty-Third and Twenty-Fourth Affirmative Defenses, that Plaintiffs' claims are barred by Section 512 of the DMCA and that Plaintiffs' notices of infringement have been insufficient to overcome this statutory defense. Answer at 9. Section 512 of the DMCA is, indeed, an affirmative defense, not an affirmative basis for relief – it is a limitation on monetary relief and partial limitation on injunctive relief in certain actions for copyright infringement. *See generally* 17 U.S.C. § 512(a)-(d) & (j). "Procedurally, Section 512

safe harbor litigation has been postured as an affirmative defense" and not "as a sword, rather than a shield." *Veoh Networks, Inc. v. UMG Recordings, Inc.* 522 F. Supp. 2d 1265, 1271-72 (S.D. Cal. 2007) (dismissing website provider's attempt to bring declaratory judgment action against recording company under Section 512 as, *inter alia*, an improper attempt to "insulate Plaintiff's business model against all infringement claims"); *cf. Interscope Records v. Kimmel*, 2007 WL 1756383, at *5 (dismissing copyright misuse counterclaim because it is a defense and "not [a] basis for affirmative relief").  Thus, Defendant should be limited pursuant to Rule 8(c)(2) to invoking Section 512 as an affirmative defense to the specific infringement action here and not as a basis for relief against Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike or dismiss Defendant's Counterclaims.

Dated: June 4, 2008  
New York, NY

        \_\_/s/ Gianni P. Servodidio_____
Steven B. Fabrizio (SF-8639)
Luke C. Platzer (LP-0734)
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Telephone (202) 639-6000
Facsimile (202) 639-6066

*-and-*

Gianni P. Servodidio (GS-0713)
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
Telephone (212) 891-1690
Facsimile (212) 891-1699

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing Plaintiffs' Memorandum of Law in Support of Motion to Strike or, in the Alternative, to Dismiss Counterclaims, on the following Counsel for Defendant, by Electronic Mail and the Court's ECF Filing System:

Charles S. Baker
Joseph D. Cohen
John R. Hawkins
PORTER & HEDGES, LLP
1000 Main Street
36th Floor
Houston, TX 77002
cbaker@porterhedges.com
jcohen@porterhedges.com
jrhawkins@porterhedges.com

Lauren E. Handler
PORZIO, BROMBERG & NEWMAN, PC
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
lehandler@pbnlaw.com

Date: June 4, 2008                    __/s/ Gianni P. Servodidio_____
                                                Gianni P. Servodidio