UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITAL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>USENET.COM, INC.,<br><br>Defendants. | No. 07-CIV-8822(HB) |

**DEFENDANT USENET.COM, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Of counsel:

Lauren E. Handler
SDNY (LEH 6908)
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
(973) 889-4326 (Telephone)
(973) 538-5146 (Facsimile)
lehandler@pbn.com

Charles S. Baker
John R. Hawkins
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000 (Telephone)
(713) 228-1331 (Facsimile)
cbaker@porterhedges.com
jhawkins@porterhedges.com
*Attorneys for Defendant*

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

    A. The Parties ...........................................................................................................2

    B. Plaintiffs' Early Knowledge of Reynolds and Sierra..........................................3

III. ARGUMENT AND AUTHORITIES.............................................................................4

    A. This Court Does Not Have Personal Jurisdiction Over Reynolds or Sierra ......5

        1. Rule 12(f) Standard......................................................................................7

        2. Rule 12(b)(6) Standard ................................................................................7

    B. Plaintiffs' Alter Ego Theory Provides No Basis for Joining Reynolds or Sierra ............9

        1. New York's choice-of-law rules require application of Nevada law to Plaintiffs' alter ego claims ...................................................................................9

        2. Plaintiffs' alter ego claims are futile under Nevada law .........................10

    C. Allowing Plaintiffs to Untimely Amend Would Seriously Prejudice Usenet................11

    D. Plaintiffs' Representation About the Scope of Amendment Is Misleading...................13

CONCLUSION................................................................................................................14

# **TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Appalachian Enters., Inc. v. Epayment Solutions Ltd.*,
   No. 01 CV 11502(GBD), 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004)..........................6

*Bensusan Rest. Corp., v. King*,
   126 F.3d 25, 27 (2d Cir. 1997)...............................................................................................7

*Dluhos v. Floating & Abandoned Vessel*,
   162 F.3d 63, 69 (2d Cir. 1998)..........................................................................................4, 11

*Foman v. Davis,*
   371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).................................................................4, 11

*In re Currency Conversion Fee Antitrust Litigation*,
   265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003).............................................................................6

*In re Gaston & Snow*,
   243 F.3d 599, 606 (2d Cir. 2001)............................................................................................9

*Intercontinental Planning, Ltd. v. Daystrom, Inc.*,
   248 N.E.2d 576, 582 (N.Y. 1969)...........................................................................................8

*Jones v. N. Y. State Div. of Military & Naval Affairs,*
   166 F.3d 45, 50 (2d Cir. 1999).........................................................................................4, 11

*Kalb, Voorhis & Co. v. Am. Fin. Corp.*,
   8 F.3d 130, 132 (2d Cir. 1993).............................................................................................8, 9

*Laber v. Harvey*,
   438 F.3d 404, 426-27 (4th Cir. 2006) ...................................................................................11

*Lucente v IBM Corp.*,
   310 F.3d 243, 258 (2d Cir. 2002)............................................................................................4
4
*Molozanov v. Quantum Telecommc'ns Ltd.*,
   No. 05 Civ. 5270(NRB), 2006 WL 897206, at *4 (S.D.N.Y. Apr. 6, 2006) ........................6, 7

*Ohio-Sealy Mattress Mfg. Co. v. Kaplan*,
   90 F.R.D. 40 (N.D. Ill. 1981).................................................................................................12

*Regents of the Univ. of N.M. v. Knight*,

  321 F.3d 1111, 1123 (Fed. Cir. 2003)..................................................................................11

*Rosner Bresler Goodman & Golden v. GPA Inc.*,
  No. 95 CIV. 2652, 1996 WL 284924, at *6 (S.D.N.Y. May 29, 1996).....................................6

*Rowland v. Lepire*,
  662 P.2d 1332, 1337 (Nev. 1983) ........................................................................................10

*Soviet Pan Am Travel Effort v. Travel Comm., Inc.*,
  756 F. Supp. 126, 131 (S.D.N.Y. 1991)..................................................................................9

*Truck Ins. Exch. v. Palmer J. Swanson, Inc.*,
  124 Nev. 59, 2008 WL 2929248 *3 (Nev. July 31, 2008)..........................................................

*Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*,
  945 F.Supp. 603, 607 (S.D.N.Y. 1996)....................................................................................

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b)..................................................................................2, 5, 8

Federal Rule of Civil Procedure 15(a) ..................................................................................1, 4, 5

N.Y. C.P.L.R. § 301................................................................................................................6, 8

N.Y. C.P.L.R. § 302................................................................................................................6, 8

Defendant Usenet.com, Inc. ("UCI" or "Defendant") respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion for Leave under Federal Rule of Civil Procedure 15(a) to amend their complaint to add Gerald Reynolds ("Reynolds") and Sierra Corporate Design, Inc. ("Sierra") as defendants. For the following reasons, Plaintiffs' Motion for Leave to Amend should be in all things denied.

## INTRODUCTION

Even a cursory reading of Plaintiffs' motion and the Proposed Amended Complaint reveals the flawed and false premises upon which they are based. Plaintiffs boldly represent to the Court in their motion that they are not seeking to assert any new claims or theories of liability and that the amended complaint "merely adds the two parties who – along with Usenet.com – [sic] responsible for operating the online downloading service at issue in this case." Plaintiffs' Motion, pg. 2. This representation appears to be false, for Plaintiffs seek not only to add two parties, Reynolds and Sierra, but they also seek to add a new claim of alter ego liability.[1] This is clearly a new theory of liability, and is the sole foundation for Plaintiffs' attempt to establish personal jurisdiction over Reynolds and Sierra. Incredibly, Plaintiffs' attempt to do all of this based largely on "information and belief" and unsupported allegations of alter ego, in an untimely manner and without any showing of good cause.

Plaintiffs also loudly proclaim that the proposed amendment to the Complaint "will not impact" the Pretrial Scheduling Order, and will not result in any delay in the adjudication of this case. Plaintiffs, however, are simply wrong. Adding Sierra and Reynolds to this lawsuit will clearly cause a continuance of not only the various pretrial deadlines set by this Court, but also a

---

[1] Plaintiffs do not assert a new claim for relief for alter ego in the Proposed Amended Complaint. However, there are numerous new allegations in pp. 7-9 of the Proposed Amended Complaint which seem to ask for this form of relief.

delay in the ultimate trial of this case, which is currently set for April 2009. If they are added to the lawsuit, and once they are served, Reynolds and Sierra intend to contest personal jurisdiction which, of course, will inevitably lead to a delay in the advancement of this case while the jurisdictional motions are being decided.

Plaintiffs are, in summary, engaging in a futile attempt to join Reynolds and Sierra by glomming onto their case against UCI with unsupported and vague alter ego allegations, and by improperly lumping together all of the proposed Defendants into one namesake, *i.e.*, "Defendants." The Court should deny Plaintiffs' request for this reason alone. First, Plaintiffs' claims will not survive a personal jurisdiction attack by Reynolds and Sierra. As explained below, hereafter, these proposed defendants have no contacts or relationship with the State of New York. Second, Plaintiffs fail to properly address the choice of law issue, and thus, misapply the law to the question of whether their claims can survive dispositive motions under Rule 12(b) and other impediments to leave. Plaintiffs' cursory recitation of the law on alter ego completely misses the mark, for the correct application of the law would render futile the proposed amendments as to alter ego. This Court should, therefore, deny Plaintiffs' meritless motion for leave to file this most untimely and ill-advised proposed Amended Complaint.

## BACKGROUND

**A.     The Parties**

Defendant UCI is a Nevada corporation based in Fargo, North Dakota. Sierra is also a Nevada corporation, with its principal and only place of business in Fargo, North Dakota. Declaration of Gerald Reynolds ("Reynolds Decl."), attached as Exhibit A at ¶ 3. Gerald Reynolds is an individual who is a resident of Fargo, North Dakota. *Id.* Since 2007, Reynolds has been the sole shareholder of both Sierra and UCI, however, they have always been two

separate companies since their inception. *Id.* at ¶ 4. Each entity owns its own software and hardware, including its own servers, and each performs a different business function. *Id.* UCI's only business function is offering retail subscribers access to the Usenet. *Id.* In contrast, Sierra provides commercial services such as web hosting and Usenet peering and technical support services to other companies, both affiliated and non-affiliated. *Id.* Unlike UCI, Sierra offers no retail services. *Id.* While Reynolds owns and operates both companies, they operate as two separate entities, and neither Reynolds nor Sierra ever conducted business in or solicited business from New York or New Yorker residents. *Id.* at ¶ 5.

**B.     Plaintiffs' Early Knowledge of Reynolds and Sierra**

Plaintiffs absurdly suggest that they did not fully appreciate Reynolds' and Sierra's "involvement" with UCI until this past month. Plaintiffs knew shortly after filing the lawsuit that Reynolds was the sole owner and operator of UCI and Sierra. Declaration of Charles Baker ("Baker Decl."), attached as Exhibit B at ¶ 6. This information was disclosed to Plaintiffs' counsel in early settlement discussion between the parties. In addition, in a lengthy conference call that occurred on March 12, 2008, Reynolds described in detail Sierra's relationship with UCI as well as his role in both companies. Reynolds Decl. at ¶ 10. Thereafter, on April 23, 2008, when UCI filed its responses to Plaintiffs' First Set of Interrogatories, and produced the Master Services agreement between Sierra and UCI, Plaintiffs were again clearly apprised of the relationship between Sierra and UCI. *See* Baker Decl. at ¶ 3-4. Defendant again affirmed on May 16, 2008, in its First Supplemental Interrogatory Responses, that Reynolds was the sole owner of Sierra. Baker Decl. at ¶ 5. Thus, irrespective of their representations to this Court, it is

plainly evident that Plaintiffs have known of the relationship among Reynolds, Sierra, and UCI well before the "past month" as Plaintiffs now allege.[2]

Furthermore, beginning on May 12, 2008, Defendant produced configuration files for UCI's servers 1-4 and Sierra's servers "sp1iad" through "sp30iad." Baker Decl. ¶ 7. Sierra's ownership of the sp1iad through sp30iad 'servers', and the 'interaction' of these servers with UCI's servers, was discussed repeatedly and extensively in the various meet and confer conferences with Plaintiffs' counsel. *Id.* Even though Plaintiffs have had this information for many months, they only recently insisted that this information be included in Defendant's Supplemental Interrogatory Responses for the stated reason of just having it confirmed in writing, and Defendant complied on August 6, 2008. *Id.* Regardless of the timing of this supplemental interrogatory response, Plaintiffs have not only known for months that Sierra's servers "peer" with UCI, but have been fully aware of exactly how the peering relationship is configured on these companies' servers to provide UCI's service at least since Mr. Reynolds was examined by Plaintiffs' experts on or about March 12, 2008. Baker Decl. at ¶ 8, Reynolds Decl. at ¶ 10. The claimed late discovery of the peering relationship between Sierra and Usenet in UCI's second supplemental interrogatory responses is simply false. *See* Servodidio Decl. at ¶ 9.

## ARGUMENT & AUTHORITIES

A motion for leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be denied if there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice by virtue of allowing the amendment, or if the proposed amendment is futile. *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 69 (2d Cir. 1998)(citing *Foman v. Davis,* 371 U.S. 178, 182, 83

---

[2] In fact, counsel for the RIAA has threatened to add Reynolds to the lawsuit for months, in an effort to force UCI to agree to their over-reaching demands to settle the case. *See* Baker Decl., ¶ 6. Those demands have been made on numerous occasions, starting in March 2008. *Id.*

S. Ct. 227, 230 (1962)); *Jones v. N. Y. State Div. of Military & Naval Affairs,* 166 F.3d 45, 50 (2d Cir. 1999). In Plaintiffs' motion for leave, almost all of the factors delineated in *Dluhos* as reasons for denying a motion for leave to amend a complaint under FRCP 15(a) are present. *Id.* First, by virtue of the timing of their motion, Plaintiffs have caused undue delay, which will almost certainly lead to a subsequent request by Plaintiffs to extend discovery and which, in turn, will severely prejudice UCI's ability to try this lawsuit before it runs out of money. Second, seeking relief from Reynolds and Sierra would be futile because Plaintiffs cannot allege facts sufficient for this Court to assert personal jurisdiction over Reynolds or Sierra, nor can Plaintiffs allege facts sufficient under prevailing law to support their alter ego theory of liability. Thus, if allowed to amend, Plaintiffs would be faced with 12(b)(2) and 12(b)(6) motions, both of which would be insurmountable hurdles. *See, e.g., Lucente v IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

**A.     This Court Does Not Have Personal Jurisdiction Over Reynolds or Sierra.**

Plaintiffs allege without proof that this Court has personal jurisdiction over Reynolds and Sierra based almost entirely on their supposed relationship with UCI's business and its website and/or servers. Plaintiffs allege no personal contacts with New York by Reynolds or Sierra -- because there are none. The Proposed Amended Complaint states Plaintiffs' cursory basis for personal jurisdiction as follows:

**JURISDICTION AND VENUE**

\* \* \*

> 8. This Court has personal jurisdiction over the Defendants, Usenet.com, Inc. ("usenet.com"), Sierra Corporate Design, Inc. ("Sierra"), and Gerald Reynolds ("Reynolds"). Defendant Usenet.com has consented expressly to jurisdiction this Court. Defendant Sierra is equally subject to personal jurisdiction as it has, at all times, acted in concert with Defendant Usenet.com in providing the Usenet.com

5

> service, including, on information and belief, in its former capacity as sole shareholder of Defendant Usenet.com. Further, Defendant Reynolds is equally subject to personal jurisdiction as he has, on information and belief, at all times been personally responsible for all of Usenet.com's operation as its CEO, director, and now sole shareholder. Defendants Reynolds, Usenet.com, and Sierra are alter egos of each other, and act fully in concert with each other. Defendant Reynolds is the primary actor in virtually all of Usenet.com's and Sierra's infringing activities, personally participating in those infringing activities, as explained more fully below. Defendants have chosen to direct its infringing activities at New York, including by entering into contracts and other arrangements via Usenet.com with residents of New York, who account for a considerable portion of Defendants' subscribers, and by enabling New York residents to access infringing files, technical support and other services through Defendants' newsgroup service. The voluminous acts of direct infringement for which Defendants are liable require a high level of interaction between users, their computers, and Defendants' website and/or servers. Thus, Defendants do continuous and systematic business in New York and is hence are present in New York, *see* N.Y. C.P.L.R. § 301, transact business in New York, and contract to supply goods and services in New York in connection with the matters giving rise to this suit. *See id.* § 302(a)(1). Defendants also commit infringing acts outside of New York causing injury to Plaintiffs in New York, and Defendants regularly do or solicits business in New York, and derive substantial revenue from goods or services rendered in New York, and/or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce. *See id.* § 302(a)(3).

Proposed Am. Complaint at ¶ 8. These allegations are woefully inadequate to state a basis for personal jurisdiction over Sierra or Reynolds and are plain wrong.

At the outset, the principle allegations of responsibility and control against Reynolds in Plaintiffs' Proposed Amended Complaint, which are Plaintiffs' sole basis for this Court to exercise personal jurisdiction over him, are based on nothing more than "information and belief." Proposed Am. Complaint at ¶ 8. In fact, these allegations – made on information and belief – are so broad and general as to be meaningless. *See, id.* (stating Reynolds as the sole shareholder was in charge and that "Defendants Reynolds, UCI, and Sierra are alter egos of each other, and act fully in concert with each other"). Making a broad conclusory allegation of alter ego is not sufficient to confer personal jurisdiction over a party. *Molozanov v. Quantum Telecommc'ns*

6

*Ltd.*, No. 05 Civ. 5270(NRB), 2006 WL 897206, at *4 (S.D.N.Y. Apr. 6, 2006) (citing *In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003)) (concluding that purely conclusory allegations based on veil-piercing or alter-ego liability even under the liberal notice pleading standard is insufficient for personal jurisdiction); *Appalachian Enters., Inc. v. Epayment Solutions Ltd.*, No. 01 CV 11502(GBD), 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004) (jurisdiction cannot be obtained even if the corporate veil is pierced for jurisdictional purposes based on conclusory assertions); *Rosner Bresler Goodman & Golden v. GPA Inc.*, No. 95 CIV. 2652, 1996 WL 284924, at *6 (S.D.N.Y. May 29, 1996) (conclusory alter ego allegations are insufficient to confer personal jurisdiction).

Like Reynolds, Plaintiffs' basis for alleging personal jurisdiction over Sierra, also principally on "information and belief," is Sierra's business relationship with UCI and Sierra's capacity as the former sole shareholder of UCI. Am. Complaint at ¶ 8. Similar to the treatment of Reynolds, however, the Proposed Amended Complaint lumps Sierra with UCI regarding various allegations about supposed New York activities that revolve around UCI's retail business. Aside from being completely false, Sierra's position as a former sole shareholder of UCI and utterly unsubstantiated allegations of supposedly acting "in concert" with UCI or as its alter ego, are insufficient to provide this Court with a basis to exercise its personal jurisdiction over Sierra. *Molozanov*, 2006 WL 897206 at *4.

The remaining jurisdictional allegations are simply a recasting of Plaintiffs' Original Complaint by changing "Defendant" to the plural "Defendants," thus combining – and muddling – the acts of all three Defendants – Reynolds, Sierra, and UCI – in an attempt to allege activities in New York that would provide sufficient contacts. By doing so, Plaintiffs conveniently gloss over the complete absence of any specific, personal contacts that Reynolds or Sierra has with

New York or New Yorkers. Neither Reynolds nor Sierra has any personal contacts with New York or New Yorkers such that personal jurisdiction could be found. *See* Reynolds Decl. ¶ 5.

Contrary to Plaintiffs' conclusory allegations, given the complete lack of contact by Reynolds and Sierra with New York, Sections 301 or 302 of the New York Civil Practice Law and Rules ("CPLR") will provide no basis for exercising personal jurisdiction over them and will certainly lead to Rule 12(b) motions.[3] *See* Proposed Am. Complaint at ¶ 8. First and foremost, Reynolds and Sierra have never "chosen to direct" any activities of any nature at residents of New York. Reynolds Decl. at ¶ 5. Moreover, none of the activities alleged in the Amended Complaint to infringe (*e.g.,* hosting a website and/or servers that infringe or allows others to infringe) occurred in New York, as Sierra's servers are located in North Dakota and Virginia, and Reynolds resides in North Dakota. *Id.* at ¶ 8. Unlike UCI, Sierra has no retail customers in New York or elsewhere. *Id.* at ¶ 4. Reynolds and Sierra do not own or lease any property in New York. *Id.* at ¶ 6-7. Neither Reynolds nor Sierra has an office in New York, nor do they have a New York telephone listing. *Id.* Neither Reynolds nor Sierra target any advertising or promotional materials to New York residents. *Id.* at ¶ 9. They have no employees in New York, are not registered to do business in New York, do not maintain a New York bank account, and neither of them are obligated to pay taxes in New York. *Id.* at ¶ 6-7. Simply put, Reynolds and Sierra do not have any contacts with New York that would permit this Court's exercise of personal jurisdiction. Thus, any amendment to Plaintiffs' Complaint to allow the addition of Reynolds or Sierra would prove futile.

---

[3] Personal jurisdiction in a federal court is determined by the law of the forum state. *See Bensusan Rest. Corp., v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

B.  **Plaintiffs' Alter Ego Theory Provides No Basis for Joining Reynolds or Sierra**

   1.  **New York's choice-of-law rules require application of Nevada law to Plaintiffs' alter ego claims.**

For alter ego allegations such as those at issue, the U.S. Second Circuit applies "the choice of law principles of the forum state." *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993) (applying the choice of law principles of the forum state in determining which state's substantive law to apply to alter ego claim). In applying New York choice-of-law rules, the substantive law to be used is "the law of the jurisdiction having the greatest interest in the litigation." *Id.* (quoting *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 248 N.E.2d 576, 582 (N.Y. 1969)). "[T]he facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict." *Id.* Federal, rather than state, choice-of-law rules would not apply in this instance because there is no significant conflict between a federal policy or interest and the use of state law. *In re Gaston & Snow*, 243 F.3d 599, 606 (2d Cir. 2001).

Specifically, alter ego claims are governed by state law, and "the state law to be applied to those claims must be determined by the choice of law principles of the forum state – in this case New York." *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603, 607 (S.D.N.Y. 1996). The jurisdiction with the greatest interest in an application of an alter ego theory is the state of incorporation because "[t]he issue is the limited liability of shareholders of [the] corporation." *Kalb*, 8 F.3d at 132. "Because a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away." *Id.* (quoting *Soviet Pan Am Travel Effort v. Travel Comm., Inc.*, 756 F. Supp. 126, 131 (S.D.N.Y. 1991)).

9

Both UCI and Sierra are incorporated in Nevada and both companies are governed by the laws of that state. According to New York's choice-of-law rules, Nevada has the greatest interest in determining an alter ego claim that is governed by state law. *Id*. Thus, Nevada law governs Plaintiffs' alter ego claims against Reynolds, Sierra, and UCI to disregard the corporate entities and corporate limited liability created by Nevada law.

### 2.     Plaintiffs' alter ego claims are futile under Nevada law.

Under Nevada law, the following requirements must be met in order to apply the alter ego doctrine: "(1) the corporation must be influenced and governed by the person asserted to be its alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the fiction of a separate entity would, under the circumstances, sanction a fraud or promote injustice." *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 59, 2008 WL 2929248 *3 (Nev. July 31, 2008) (citations omitted); *see also Rowland v. Lepire*, 662 P.2d 1332, 1337 (Nev. 1983). The corporate cloak should not be taken lightly, and the alter ego doctrine should be seen as an exception to the general rule recognizing corporate independence. *Id.*

Plaintiffs claim that Reynolds and Sierra should be joined as defendants are founded essentially on the flimsy allegation that "Reynolds, UCI, and Sierra are alter egos of each other, and act fully in concert with each other." Proposed Am. Complaint ¶ 8. Plaintiffs do not specifically allege how each individual party – Reynolds, Sierra or UCI – has been influenced and governed by the other. While Plaintiffs allege that Reynolds "wholly owns, controls, and runs" both UCI and Sierra and has "exercised complete influence and control over the activities of UCI and Sierra," ownership and control of a corporation alone is not sufficient to pierce the corporate veil and impute liability. *See generally, Truck Ins. Exch. v. Palmer J. Swanson, Inc.*,

124 Nev. 59, 2008 WL 2929248 *3 (Nev. July 31, 2008) (citations omitted); *see also Rowland v. Lepire*, 662 P.2d 1332, 1337 (Nev. 1983).

Plaintiffs similarly fail to allege that there is such unity of interest and ownership between Reynolds, Sierra, and UCI that one is inseparable from the other.  *See id.*  While Reynolds has owned both companies since November 2007, Plaintiffs have not alleged any facts showing that Reynolds and Sierra, Reynolds and UCI, or UCI and Sierra are inseparable from the other.  Instead, the undisputed facts show that Sierra and UCI are separately incorporated; are treated by Reynolds as separate companies; perform different business functions; and maintain corporate formalities.  *See* Reynolds Decl. at ¶ 4-5.  For example, as Plaintiffs admit, UCI and Sierra entered into an agreement under which Sierra was to provide services requested by UCI.[4]  Plaintiffs' Motion, pg. 7, fn. 5.

Finally, Plaintiffs have not alleged sufficient facts such that "adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice."  *See Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 59, 2008 WL 2929248 *3 (Nev. July 31, 2008).  Indeed, Plaintiffs have made only one allegation "on information and belief" that adherence to Reynolds, UCI, and Sierra as separate entities or parties will promote injustice, but fail to provide any factual support whatsoever.  Proposed Am. Complaint at ¶ 17.  There is certainly no substantiation offered.

**C.    Allowing Plaintiffs to Untimely Amend Would Seriously Prejudice UCI**

Plaintiffs' lengthy and unjustified delay in requesting leave to add Reynolds and Sierra will be highly prejudicial to UCI because it will undoubtedly lead to a continuance of numerous deadlines that will, in all likelihood, lead to a delay of the ultimate trial of this case.  Undue

---

[4] Although Plaintiffs erroneously claim that no work orders as described in the agreement were produced, such work orders were in fact produced on May 14, 2008.  Baker Decl. at ¶ 9.

11

delay, undue prejudice, or futility of an amendment are all grounds for denying leave to amend a complaint. *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 69 (2d Cir. 1998)(citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *Jones v. N. Y. State Div. of Military & Naval Affairs,* 166 F.3d 45, 50 (2d Cir. 1999); *see also Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1123 (Fed. Cir. 2003). Whether an amendment is prejudicial can be determined by the nature of the amendment and its timing. *See Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006).

Presently, the fact discovery deadline in this case is October 15, 2008, and dispositive motions must be filed by no later than December 15, 2008. Plaintiffs' current motion for leave will not be fully briefed until September 4, 2008. Even assuming that the Court considers the motion on that date and grants it, given the fact that Reynolds and Sierra will object to personal jurisdiction and file motions to dismiss on that basis, in all likelihood the deadlines in this case will have to be delayed until well after the motions are decided. Moreover, Plaintiffs' attempt to allege an alter ego theory based on facts known to Plaintiffs for months will cause undue prejudice because these new theories will require and additional factual issues that would be injected into litigation. *See Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 40 (N.D. Ill. 1981) (denial of motion to amend complaint was warranted due to lengthy delay in alleging damages for conduct known, additional discovery that the new claims would require, and new factual issues that would be injected into litigation).

Plaintiffs have throughout this case used their vast financial resources to inundate UCI – and Sierra and Reynolds – with discovery requests. UCI, Sierra, and Reynolds simply cannot afford for Plaintiffs to have more opportunities to continue to wage this war of attrition. Plaintiffs' goal is simply to prolong this case as much as possible so as to drain whatever

resources UCI has left to fight Plaintiffs' unfounded claims. If this Court allows the Amended Complaint, Plaintiffs will likely achieve that goal, and Plaintiffs will have done so by improperly waiting until the eve of the discovery cut-off, and months after obtaining sufficient knowledge of the facts, to seek to add Reynolds and Sierra. Denying Plaintiffs' request is the only sensible and just solution; otherwise, this improper action by the Plaintiffs will continue unchecked until UCI, Sierra and Reynolds and penniless.

### D.    Plaintiffs' Representation About the Scope of Amendment Is Misleading

Plaintiffs should not be allowed to augment their Complaint by sleight of hand. Plaintiffs' summaries of content of the changes in the proposed Amended Complaint curiously fail to mention changes not related to adding two new defendants, except for supposedly updating "a few of the allegations." *See, generally*, Plaintiffs' Motion; Memorandum in Support of Plaintiffs' Motion for Leave, fn.1. The following are not described in Plaintiffs' briefing but are amendments in the proposed Amended Complaint:

- A most misleading statement about UCI's decision to re-enable so-called mp3 newsgroups, when doing so was purely to respond to Plaintiffs' discovery requests (¶22);

- Additional misleading statements about failing to disable so-called mp3 newsgroups after this suit was filed when Plaintiffs seek spoliation sanctions for disabling such newsgroups (¶¶34-35); and

- Supplemental allegations to Plaintiffs' direct infringement claims (¶38 and ¶46).

Plaintiffs should not be granted free rein to rewrite their Complaint at this late date.

## CONCLUSION

Defendant Usenet.com, Inc., therefore, respectfully urges this Court to deny Plaintiffs' motion to amend the Complaint.

Respectfully submitted,

By: _____/s/_____

| | |
|---|---|
| Of counsel: | Charles S. Baker |
| | John R. Hawkins |
| Lauren E. Handler | PORTER & HEDGES, LLP |
| SDNY (LEH 6908) | 1000 Main Street, 36th Floor |
| PORZIO, BROMBERG & NEWMAN, P.C. | Houston, Texas  77002 |
| 100 Southgate Parkway | (713) 226-6000 (Telephone) |
| Morristown, NJ  07962-1997 | (713) 228-1331 (Facsimile) |
| (973) 889-4326 (Telephone) | cbaker@porterhedges.com |
| (973) 538-5146 (Facsimile) | jhawkins@porterhedges.com |
| lehandler@pbn.com | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

This is to certify that the foregoing pleading was served by means of the Court's ECF system on this 28th day of August, 2008.

Steven B. Fabrizio
Luke C. Platzer
Jenner & Block LLP
1099 New York Avenue, NW, Ste. 900
Washington, DC  20001-4412
Telephone:  202.639.6000
Facsimile:  202.639.6066
Email:  sfabrizio@jenner.com
        lplatzer@jenner.com

Kenneth L. Doroshow
Karyn A. Temple
Recording Industry Association of America
1025 F Street, NW, 10th Floor
Washington, DC 20004
Telephone:  (202) 775-0101
Facsimile:  (202) 775-7253
Email:  KDoroshow@RIAA.Com

Gianni P. Servodidio
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY  10022
Telephone:  212.891.1620
Facsimile:  212.891.1699
Email:  gps@jenner.com


_____/s/_____
Charles S. Baker

1409129