# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITAL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> USENET.COM, INC., <br> Defendant. | No. 07-CIV-8822 (HB) <br><br> **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> **[REDACTED VERSION FILED PURSUANT TO PROTECTIVE ORDER]** |

Kenneth L. Doroshow
Scott A. Zebrak
RECORDING INDUSTRY
  ASSOCIATION OF AMERICA
1025 F Street, NW
10th Floor
Washington, DC 20004
 tel. (202) 775-0101
 fax (202) 775-7253

Steven B. Fabrizio
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
tel. (202) 639-6000
fax (202) 639-6066
*-and-*
Gianni P. Servodidio
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
tel. (212) 891-1690
fax (212) 891-1699

TABLE OF CONTENTS

**I.    Plaintiffs Have Not Unduly Delayed this Motion and Defendant Will Suffer No Prejudice From the Proposed Amendment.** ................................................................... 1

    A.  Any Delay Was Caused by Defendant's Refusal to Confirm Sierra's Participation in the Infringing Usenet.com Service. .......................................... 2

    B.  The Proposed Amendment Does Not Prejudice Defendant. ............................ 5

**II.    Defendant Cannot Establish that the Amended Complaint Would Be Futile.** ........... 5

    A.  Plaintiffs State a Claim Against Sierra and Reynolds for Liability. ................ 6

    B.  Sierra and Reynolds Have No Basis to Move to Dismiss on Personal Jurisdiction Grounds. ..................................................................................... 8

CONCLUSION  ................................................................................................................. 10

Defendant Usenet.com offers three arguments in opposition to the Amended Complaint, each of which is meritless. *First*, Defendant falsely claims that Plaintiffs unduly delayed in bringing this motion. That argument is based on a plain distortion of the facts in this case, which show that Defendant intentionally concealed Sierra's role in the infringement and did not formally confirm this information until its second supplemental interrogatory response served on August 6th. Plaintiffs filed this motion eight days later. *Second*, Defendant contends that amendment is futile because Plaintiffs fail to state a claim against Reynolds and Sierra. But Defendant completely ignores the primary basis on which Plaintiffs allege copyright infringement against these parties While it is true (and Plaintiffs have properly plead) that Reynolds, Sierra and Usenet.com are alter egos of each other, Plaintiffs' claims do not depend upon proving an alter ego relationship. Plaintiffs have alleged – and can prove – that Reynolds and Sierra have "personally participated" in the acts constituting copyright infringement. Under established principles of copyright law, no more is needed. *Finally*, Defendant's arguments against personal jurisdiction are simply not credible. They are the same arguments Defendant made in its motion to dismiss on jurisdictional grounds. But, Defendant withdrew that motion and conceded personal jurisdiction in the face of undeniable evidence of extensive contacts with New York users (evidence so damning that Reynolds, Usenet.com and Sierra despoiled evidence to avoid having to produce it to Plaintiffs). Defendant does not come close to a showing that would overcome the presumption that leave to amend should be freely granted.

## I.  Plaintiffs Have Not Unduly Delayed this Motion and Defendant Will Suffer No Prejudice From the Proposed Amendment.

Defendant's argument that Plaintiffs have unduly delayed bringing this motion is simply false and unsupportable. Defendant has sought to impede discovery into the involvement of Sierra from the beginning of this case – and, indeed, has actively concealed the fact that Sierra

owns and operates the "back-end" servers that are integral to providing the infringing

Usenet.com service. *See* Am Compl. ¶¶ 3, 15, 16, 22.

### A.    Any Delay Was Caused by Defendant's Refusal to Confirm Sierra's Participation in the Infringing Usenet.com Service.

By way of background, Reynolds is a sophisticated businessman who operates at least

seven businesses providing Usenet-related services, including Usenet.com, Sierra and five other

related entities that all purport to operate from the same P.O. Box address in Fargo, North

Dakota. Servodidio Decl. Ex. 1 at 5-6.[1] Until discovery, there was not a sufficient basis to know

that the infringing service at issue in this case is operated jointly by Usenet.com, Sierra and

Reynolds. To the contrary, Defendant went out of its way to hide that fact.

Defendant's initial merits interrogatory responses were intentionally vague, if not

outright false as they failed to identify anyone other than Usenet.com as the owner or operator of

the servers used in its business.  Pls.' Mem. at 7-8; Servodidio Decl. Ex. 1 at 6.  Defendant

served supplemental responses on May 9, 2008 – but still failed to correct its misleading initial

response. *Id*. Only in its second supplemental interrogatory responses, served on August 6,

2008 – after being pressed by Plaintiffs – did Defendant finally verify that Sierra owned and

operated the critical back-end servers necessary to run the infringing Usenet.com service.

In its Opposition, Defendant now conveniently asserts that, notwithstanding its efforts to

conceal Sierra's role, Plaintiffs should have known sooner.  But, Defendant's proffered evidence

on this point proves the opposite:

1. Defendant claims that Reynolds described "Sierra's relationship with" Usenet.com in

a conference call on March 12.  *See* Opp. at 3.  Giving Defendant the benefit of the doubt, that

statement reflects a disturbingly faulty recollection.  The March 12 call was convened to discuss

---

[1] "Servodidio Decl." refers to the Declaration of Gianni P. Servodidio, dated August 14, 2008, filed with the Motion.  "Servodidio Reply Decl." refers to the Reply Declaration of Gianni P. Servodidio, dated September 5, 2008, filed concurrently herewith.

Defendant's spoliation of key evidence from computer servers that Plaintiffs had been told were owned by Usenet.com. During the call, Plaintiffs were told for the first time that Usenet.com did not own and operate all of the servers involved in its infringing service. On the call, Reynolds told Plaintiffs that an unnamed "third party" operated the back-end servers. Servodidio Reply Decl. ¶ 2. Surprised by this information, Plaintiffs directly asked Reynolds to identify who owned and operated the back-end servers. On advice of his counsel, Reynolds *refused* to disclose that Sierra was the owner of the back-end servers. *Id*. Any suggestion that Plaintiffs could have known in mid-March is false.

2. Defendant then claims that Plaintiffs should have known by April 23rd, when Defendant produced a "Master Services Agreement." Opp. at 3. But an unsigned draft of the Master Services Agreement establishes nothing. At most it suggested there may have been an operational (as opposed to ownership) relationship between Sierra and Usenet.com. It emphatically did *not* disclose or suggest that Sierra owned and operated the back-end servers used to provide the infringing Usenet.com service. Quite the opposite, the Master Services Agreement ███████████████████████████████████████████████ ███████████████████████████████████████████████ but did not even hint at the symbiotic relationship between "front-end" Usenet.com servers and "back-end" Sierra servers. Servodidio Reply Decl. Ex. 1 at 1, 5.[2]

3. Defendant also points to "configuration files" produced on May 12, 2008. *See* Opp. at 4. However, the produced configuration files for the back-end servers do not reveal or suggest

---

[2] Defendant tries to confuse the issue by citing to the Master Services Agreement and its supplemental interrogatory responses to argue that Plaintiffs understood that Sierra had a "peering relationship" with Usenet.com. *See* Opp. at 3; Servodidio Decl. Ex. 1 at 12. "Peering" has a specific meaning in context of the usenet network. Every operator on the usenet network must "peer" with other operators, and often they will peer with dozens or even hundreds of other usenet operators. Sierra's operation of the back-end servers as part of the Usenet.com service is not remotely a "peering" relationship. Sierra provides the long-term storage and delivery of content files, without which the Usenet.com service could not function. Servodidio Reply Decl. Ex. 2 at 14-15.

that Sierra is the owner of those servers. To the contrary, it was Defendant Usenet.com that produced those configuration files – not Sierra. Servodidio Reply Decl. ¶ 4.

During meet-and-confer sessions to discuss deficiencies in Defendant's discovery productions, Plaintiffs repeatedly pressed for documents and information concerning the back-end servers. Plaintiffs also sought discovery from Reynolds and Sierra, and subsequently from the five other entities owned by Reynolds also providing Usenet-related services, any of which may have operated the back-end Usenet.com servers. But Reynolds and the entities have stonewalled that discovery forcing Plaintiffs to file motions to compel responses to four subpoenas in order to obtain even a single responsive document. *Id*. ¶ 5.

When Defendant did purport to provide information about the back-end servers during informal discussions among counsel, the information Defendant provided was equivocal and seemingly unreliable. Indeed, Defendant's counsel mistakenly represented for a period of time in August that some of the back-end servers were owned by another of Reynolds's entities, Nuthinbutnews.com, Inc. *Id*. ¶ 6. While Defendant's counsel corrected this error after further investigation, the episode is emblematic of the challenge Plaintiffs faced in getting a straight answer to a simple question. *Id*. Given the evasive and outright mistaken information Defendant had previously provided, Plaintiffs insisted that Defendant supplement its formal interrogatory responses to give a verified answer on which Plaintiffs could rely. That answer came in Defendant's second supplemental interrogatory responses, served on August 6th.[3]

On this record, Defendant cannot plausibly suggest that Plaintiffs unduly delayed amending their complaint. *See Banco Central Del Paraguay v. Paraguayan Humanitarian Found.*, *Inc.*, No. 01 Civ. 9649 (JFK) (FM), at *2-*4 (S.D.N.Y. July 8, 2003) (no prejudice in

---

[3] Concurrently, Plaintiffs steadily established through discovery, after countless meet-and-confers to obtain even basic documents from Defendant, that there is a *lack* of documents showing any real arms-length relationship between Usenet.com and Sierra regarding the Usenet.com service, and that Reynolds has been personally participating in all aspects of the infringing Usenet.com service. Servodidio Reply Decl. ¶ 7.

amending complaint to add defendants where their involvement was developed over year of discovery).

**B.    The Proposed Amendment Does Not Prejudice Defendant.**

Defendant's Opposition also fails because Defendant cannot show any prejudice from the amendment. *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995) (delay alone without prejudice or bad faith is generally insufficient ground for denying motion to amend). Defendant asserts that the amendment will "undoubtedly" lead to a continuance of pretrial and trial deadlines, Opp. at 11, but that conclusion is based on Defendant's stated intention to challenge personal jurisdiction over Reynolds and Sierra. To the extent such a motion is made, there is no reason that motion could not be considered in parallel with other case preparation activities. Plaintiffs have already served discovery on Defendant, Sierra and Reynolds, and Defendant has not identified any additional discovery needed due to the amended complaint. Pls.' Mem. at 1. There is no prejudice to Defendant.[4]

**II.    Defendant Cannot Establish that the Amended Complaint Would Be Futile.**

Showing that amendment would be futile is a high hurdle. Defendant must essentially show that Plaintiffs cannot state a claim against the proposed new defendants that would not be dismissed. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005). "In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In deciding the motion to dismiss, the Court must "constru[e] the complaint liberally, accept[] all factual allegations in

---

[4] Defendant's offhand assertion that Plaintiffs are improperly trying to "augment" their Complaint through this amendment is baseless. *See* Opp. at 13. There is certainly no prejudice from the relatively minor edits to conform to the evidence, particularly given that most of them are related to Defendant's post-litigation misconduct to spoliate evidence.

the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

**A.    Plaintiffs State a Claim Against Sierra and Reynolds for Liability.**

Defendant misapprehends the basis on which Plaintiffs seek to add Sierra and Reynolds. As explained in their motion, Plaintiffs are not proceeding solely on an alter ego theory of liability, but instead that Sierra and Reynolds are inextricably involved in providing a single integrated Usenet.com service that is responsible for massive infringement of Plaintiffs' copyrighted works. This personal participation in the acts of infringement is sufficient to impose joint and several liability under established principles of copyright law. *See, e.g., Sygma Photo News, Inc. v. High Society Magazine, Inc.,* 778 F.2d 89, 92 (2d Cir. 1985) ("All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers") (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 308-09 (2d Cir.1963)). Likewise, a corporate officer may be held liable for participating in the infringing acts of the corporation. *See NetTech Solutions, LLC v. ZipPark.com,* No. 01 CIV. 2863 (SAS), 2001 WL 1111966, at *12 (S.D.N.Y. Sept. 20, 2001) (liability may be found for corporate officer "where it is established that the corporate officer is a 'moving, active conscious force behind the defendant corporation's infringement'") (brackets and citation omitted). Defendant's Opposition, which focuses its futility arguments exclusively on the alter ego theory, fails to acknowledge or address settled copyright law.

Reynolds, Sierra and Usenet.com are together operating a *single integrated service* under the name Usenet.com. Pls.' Mem. at 3-4; Am. Compl. ¶¶ 3, 15, 16, 22. The essence of that service is providing Usenet.com subscribers with access to content stored on computer servers. Pls.' Mem. at 3-4; Am. Compl. ¶¶ 3, 16, 18, 21, 46, 56, 65, 76. In this case, Usenet.com collects subscriber fees for access to infringing content stored on Sierra servers. When a subscriber sends a request to Usenet.com to obtain an infringing work, Sierra and Usenet.com operate

interdependently to deliver that infringing content to Usenet.com subscribers. Am. Compl. ¶¶ 3, 15, 16, 22, 23, 24. Sierra and Usenet.com thus jointly operate the Usenet.com service.

Reynolds personally directs and controls the entire operation; as he put it in his deposition, "the company's me." Servodidio Supp. Decl. Ex. 2 at 15:10; *see also id*. at 42:20-43:20 (only Reynolds would have reviewed server log files); Servodidio Decl. Ex. 1 at 7 (Reynolds admits ███████████████████████████████████████); *see also* Am. Compl. ¶ 17 (detailing extent of Reynolds's involvement). Defendant cannot and does not challenge that Plaintiffs have plead an adequate basis of copyright liability against Reynolds and Sierra based on their "personal participation" in the acts that constitute copyright infringement. On that basis alone, Defendant's futility argument must fail.

In addition, plaintiffs have properly pleaded a claim for alter ego liability. Defendant argues that Nevada law applies – Plaintiffs have never contended otherwise – under which Plaintiffs must show that Reynolds and Sierra influenced and governed Usenet.com, that there was a unity of interest and ownership such that they are inseparable, and that adherence to the fiction of a separate entity would promote injustice. Opp. at 10. Here that is precisely what plaintiffs have alleged: that Reynolds has "at all times been personally responsible for all of Usenet.com's operations as its CEO, director, and now sole shareholder," Am. Compl. ¶ 8, that Usenet.com and Sierra are "mere instrumentalities" of Reynolds, who "wholly owns, controls and runs them, on information and belief, without regard to corporate formalities," *id*. ¶ 15, and that Reynolds "exercised complete influence and control over the activities of Usenet.com and Sierra," *id*. ¶ 17. Further, plaintiffs have pled that Defendant is effectively inseparable from its owners Sierra and Reynolds, Am. Compl. ¶¶ 8, 15, 17, which is further shown by the regular and informal use of Sierra personnel to perform Usenet.com business and the frank admission of

Reynolds that "the company's me."[5]  Further, Defendant has not produced a single document to date identifying a separate bank account maintained by Usenet.com.  Servodidio Reply Decl. ¶ 9.  Indeed ███████████████████████████████████████████

████████  *Id*. Ex. 3.  And most tellingly, it is Sierra – not Usenet.com – that █████████████

████████████████████████████████████████████████████████████████

████████.  *Id*. Ex. 4. Under these circumstances, allowing Reynolds and Sierra to escape liability for copyright infringement would promote injustice and sanction an abuse of the corporate form, as Plaintiffs have properly plead.  Am Compl. ¶ 17.

The self-serving and wholly conclusory declaration filed by Reynolds reflects a clear misunderstanding of the burdens in a motion to amend.  Plaintiffs do not need to, and cannot be expected to, offer conclusive evidence at the complaint stage.  Depositions of Reynolds, Sierra and current and former Sierra employees will take place in the coming weeks.  Plaintiffs have plainly alleged sufficient facts to establish alter ego liability over Reynolds and Sierra.

**B.    Sierra and Reynolds Have No Basis to Move to Dismiss on Personal Jurisdiction Grounds.**

Sierra and Reynolds also cannot prevail on a motion to dismiss on personal jurisdiction grounds.  As the Court will recall, Defendant filed a motion to dismiss on personal jurisdiction grounds at the outset of the case.  However, in March 2008, in the face of the undeniable fact of substantial contacts with New York subscribers – and Defendant's spoliation of evidence that would have shown countless downloads of infringing copies of Plaintiffs' works by New York users – Defendant withdrew the motion and consented to jurisdiction in this District.  Servodidio Reply Decl. ¶ 10.  Given the identity of interests among Defendant, Reynolds and Sierra – and

---

[5] Usenet.com has no employees, and instead Sierra employees regularly do the work of operating the Usenet.com service.  For example, ██████████████████████████████████████████

██████████████████████████████████████████████████████.  Servodidio Decl. Ex. 1 at 6-8, Ex. A; Servodidio Reply Decl. ¶ 8.

the direct involvement of both Reynolds and Sierra in the willful spoliation of key jurisdictional evidence – Plaintiffs would ask the Court to rule that jurisdiction over Sierra and Reynolds be deemed established. Additionally, on the merits, jurisdiction is established both based on Reynolds and Sierra's direct involvement in the infringing activities, and based on their alter ego relationship to Usenet.com. Tellingly, Defendant's Opposition does not cite a single case in support of its argument.

The direct involvement of Reynolds and Sierra in operating the integrated Usenet.com service is sufficient to confer jurisdiction. Under N.Y. C.P.L.R. § 302(a)(1), New York long-arm jurisdiction extends to any non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state," provided that the litigation arises out of or is otherwise connected by some articulable nexus to the out-of-state party's New York conduct. *Deutsche Bank Securities, Inc. v. Montana Bd. of Investments*, 7 N.Y.3d 65, 71 (N.Y. 2006).

In this case, Usenet.com users in New York have requested and received files, including infringing music files, via the Usenet.com service. Those infringing files are hosted by Sierra servers, and sent via Usenet.com servers to subscribers located in New York, and the representatives who communicate directly with users are Sierra employees. Courts have easily found jurisdiction in analogous circumstances where the defendant operated such an interactive online service used by New York residents and/or directed infringing materials into New York. *See, e.g., Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 565-66 (S.D.N.Y. 2000) (jurisdiction found over website that allowed mortgage applications online from New York residents); *Rubin v. City of New York*, No. 06 Civ. 6524 (HB), 2007 WL 950088, at *3 (S.D.N.Y.

2007) (jurisdiction found over defendant whose only contact with New York was the sale of infringing "NYPD" paraphernalia on website).[6]

As explained above, plaintiffs have alleged that Sierra directly participates in these infringing acts, and therefore jurisdiction is appropriate. Likewise, the personal participation of Reynolds in the actions of Defendant and Sierra is more than sufficient to confer jurisdiction over him. *See Retail Software Servs., Inc. v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988) (personal jurisdiction over corporate officer will be found where officer is "primary actor" in corporation's transaction in New York); Pls.' Mem. at 8, n.6 (discussing same); *supra* at 6.

Finally, as explained above, jurisdiction is proper because Plaintiffs have adequately plead that Sierra and Reynolds are alter egos of Defendant. *See* Am. Compl. ¶¶ 15-17. Indeed, the test for asserting jurisdiction over alter ego defendants is less stringent than the test for actual alter ego liability. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (court should not conduct full veil-piercing analysis at jurisdictional stage). Further, the fact that Usenet.com has already consented to jurisdiction means that its alter egos should have similarly deemed to consent. *See Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 143 (2d Cir. 1991) (alter ego defendants "were, in essence, parties to the underlying dispute; the *alter egos* are treated as one entity").

### CONCLUSION

Plaintiffs respectfully request that the motion to amend be granted.

---

[6] Similarly, jurisdiction is appropriate under N.Y. C.P.L.R. § 302(a)(3), providing jurisdiction over a defendant that "commits a tortious act without the state causing injury to persons or property within the state," if the defendant reasonably expects or should expect its actions to have consequences in New York and derives a substantial amount of revenue from interstate commerce. N.Y. C.P.L.R. § 302(a)(3). In this case, the copyright infringement is the tortious act causing harm in New York when infringing files are sent to New York users, that harm is foreseeable, and both Reynolds and Sierra derive substantial revenue from commerce outside North Dakota. *See* Am. Compl. ¶ 9 (pleading same); *Nat'l Football League v. Miller*, No. 99 CIV 11846 JSM, 2000 WL 335566, at *1-*2 (S.D.N.Y. March 30, 2000) (finding jurisdiction and holding that infringement on defendant's website caused foreseeable injury where portion of its target audience was located in New York)

Respectfully submitted,

By:  s/ Gianni P. Servodidio

Kenneth L. Doroshow                    Steven B. Fabrizio
Scott A. Zebrak                        JENNER & BLOCK LLP
RECORDING INDUSTRY                     1099 New York Avenue, NW
    ASSOCIATION OF AMERICA             Suite 900
1025 F Street, NW                      Washington, DC 20001
10th Floor                             tel. (202) 639-6000
Washington, DC 20004                   fax (202) 639-6066
 tel. (202) 775-0101
 fax (202) 775-7253                    *-and-*

                                       Gianni P. Servodidio
                                       JENNER & BLOCK LLP
                                       919 Third Avenue
                                       37th Floor
                                       New York, NY 10022
                                       tel. (212) 891-1690
                                       fax (212) 891-1699

                                       *Attorneys for Plaintiffs*


DATED:  September 5, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy thereof of the foregoing Plaintiffs' Reply Memorandum in Support of Motion for Leave to File Amended Complaint has been served via email:

Charles S. Baker, Esq.               Lauren E. Handler, Esq.
Joseph D. Cohen, Esq.                Porzio, Bromberg, & Newman, P.C.
John R. Hawkins, Esq.                100 Southgate Parkway
Porter & Hedges LLP                  P.O. Box 1997
RELIANT ENERGY PLAZA                 Morristown, NJ 07962-1997
1000 Main Street, 36th Floor
Houston, TX 77002


Date:  September 12, 2008


_____
Gianni P. Servodidio

19841.1