# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITAL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC, | No. 07-CIV-8822 (HB) |

 
 Plaintiffs,

 v.

 USENET.COM, INC.,
 Defendant.

**REPLY DECLARATION OF GIANNI P. SERVODIDIO IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**[REDACTED VERSION FILED PURSUANT TO PROTECTIVE ORDER]**

I, Gianni P. Servodidio, declare as follows:

1.      I am a partner with the law firm of Jenner & Block LLP, and represent in this action the plaintiff recording companies.  I submit this reply declaration in support of their Motion for Leave to File Amended Complaint.  The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case.  If called to testify as a witness, I would testify as follows:

2.      I participated in a call on March 12, 2008 with Gerald Reynolds and his counsel Charles Baker, in addition to two of my colleagues and two non-testifying consultants. The call

was convened to discuss Defendant's spoliation of key evidence from computer servers that we had been told in Defendant's interrogatory responses were owned by Usenet.com. During the call, we were told for the first time that Usenet.com did not own and operate all of the servers involved in its infringing service. On the call, Reynolds told us that an unnamed "third party" operated the back-end servers. I directly asked Reynolds to identify who owned and operated the back-end servers. On the advice of his counsel, who objected that we were straying from the purpose of the call, Reynolds *refused* to disclose that Sierra was the owner of the back end servers.

3.      Attached hereto as Exhibit 1 is a true and correct copy of an unsigned "Master Services Agreement," bates labeled USE000000003-8, produced by Defendant in this litigation.

4.      Defendant also produced "configuration files" for back end servers in May 2008. However, the produced configuration files for the back end servers do not reveal or suggest that Sierra is the owner of those servers.

5.      During meet-and-confer sessions to discuss deficiencies in Defendant's discovery productions, Plaintiffs' counsel have repeatedly pressed for documents and information concerning the back-end servers. Plaintiffs also sought discovery from Reynolds and Sierra, and subsequently from the five other entities owned by Reynolds also providing Usenet-related services, any of which may have operated the back-end Usenet.com servers. But Reynolds and the entities have stonewalled that discovery forcing Plaintiffs to file motions to compel responses to four other subpoenas in order to obtain even a single responsive document.

6.      When Defendant's counsel did purport to provide information about the back-end servers during informal discussions among counsel, the information Defendant provided was equivocal and seemingly unreliable. Indeed, Defendant's counsel mistakenly represented for a

period of time in August that some of the back-end servers – the feeds servers located at superfeed.net – were owned by another of Reynold's entities, Nuthinbutnews.com, Inc.  While Defendant's counsel corrected this error after further investigation, the episode is emblematic of the challenge Plaintiffs faced in getting a straight answer to a simple question.

7.    Concurrently with the discussions above, Plaintiffs have steadily established through discovery, after countless meet-and-confers to obtain even basic documents from Defendant, that there is a *lack* of documents showing any real arms-length relationship between Usenet.com and Sierra regarding the Usenet.com service, and that Reynolds has been personally participating in all aspects of the infringing Usenet.com service.

8.    In its first supplemental interrogatory responses, Defendant identifies ██████ ██████████████████████████████████████████████████████████████. Defendant has produced in this litigation documents reflecting ███████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████.

9.    Usenet.com has not produced any document identifying any bank accounts that it maintains in its own name or otherwise.

10.    Defendant filed a motion to dismiss on personal jurisdiction grounds at the outset of the case.  However, in March 2008, in face of the undeniable fact of substantial contacts with New York subscribers – and Reynolds's spoliation of evidence that would have shown countless downloads of infringing copies of Plaintiffs' works by New York users – Defendant withdrew that motion and consented to jurisdiction in this District.

11.    Attached hereto as Exhibit 2 are excerpts of the deposition of Gerald Reynolds, taken August 13, 2008, in the above-captioned case.

12.     Attached hereto as Exhibit 3 is a document bates labeled Sierra 000247, produced by Sierra Corporate Design, Inc. in the above-captioned case, showing ███████████ ███████████████████████.

13.     Attached hereto as Exhibit 4 is a document bates labeled USE00014318-41, produced by Defendant in the above-captioned case, showing that █████████████ █████████████████████████████ ██████.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2008, in New York, NY.

_s/ Gianni P. Servodidio_____
Gianni P. Servodidio

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

Page 1

```
 1                        JERRY REYNOLDS
 2              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF NEW YORK
 3
     _____
 4   ARISTA RECORDS LLC; ATLANTIC  )
     RECORDING CORPORATION; BMG     )
 5   MUSIC; CAPITOL RECORDS, INC.; )
     CAROLINE RECORDS, INC.;        )
 6   ELEKTRA ENTERTAINMENT GROUP    )
     INC.; INTERSCOPE RECORDS;      )
 7   LAFACE RECORDS LLC; MAVERICK   )Case No. 07-civ-8822 (HB)
     RECORDING COMPANY; SONY BMG    )
 8   MUSIC ENTERTAINMENT; UMG       )
     RECORDINGS, INC.; VIRGIN       )
 9   RECORDS AMERICA, INC.; WARNER )
     BROS. RECORDS INC.; and ZOMBA )
10   RECORDING LLC                  )
                                    )
11                  Plaintiffs,     )
                                    )
12              v.                  )
                                    )
13   USENET.COM, INC.               )
                                    )
14                  Defendants.     )
     _____)
15
16
17
         ****************************************
18
         ORAL AND VIDEOCONFERENCE DEPOSITION OF
19
                    JERRY REYNOLDS
20
                   AUGUST 13, 2008
21
         ****************************************
22
23
24
25
```

Page 2

1                        JERRY REYNOLDS

2                         (Continued)

3

4

5

6          ************************************

7       ORAL AND VIDEOCONFERENCE DEPOSITION OF

8                      JERRY REYNOLDS

9                     AUGUST 13, 2008

10         ************************************

11

12

13

14       ORAL AND VIDEOCONFERENCE DEPOSITION OF JERRY

15   REYNOLDS, produced as a witness at the instance of the

16   PLAINTIFFS, and duly sworn, was taken in the

17   above-styled and numbered cause on AUGUST 13, 2008, from

18   7:32 a.m. to 10:08 a.m., before Aubrea Hendricks, CSR,

19   RPR, CLR, in and for the State of Texas, reported by

20   machine shorthand, at the offices of Porter & Hedges,

21   LLP, Reliant Energy Plaza, 1000 Main Street, 36th Floor,

22   in the City of Houston, County of Harris, State of

23   Texas, pursuant to the Federal Rules of Civil Procedure

24   and the provisions stated on the record or attached

25   hereto.

Page 14

1                     JERRY REYNOLDS

2    Usenet.com, Inc. and Sierra Corporate Design with

3    regards to each company's Usenet servers, it's a peering

4    relationship.  It is peer with each other.

5         Q.   Okay.  Is there more storage capacity on the

6    servers operated by Sierra than there is on the servers

7    operated by Usenet.com?

8         A.   Yes.

9         Q.   Okay.  So do some of the articles -- and so

10   Usenet.com obtains the articles that it transmits to

11   subscribers from the peering servers operated by Sierra;

12   is that -- is that fair?

13        A.   Can you ask that again, please?

14        Q.   Usenet.com obtains copies of the articles that

15   it provides to its subscribers from the servers operated

16   by Sierra; is that fair?

17        A.   Providing that Usenet.com servers do not have

18   the article in the first place, then it would -- it

19   would check the Sierra servers to see if -- it would ask

20   do you have this article and if so, then, it would -- it

21   would transmit.

22        Q.   Only if the Usenet.com servers don't

23   themselves have the articles would they then go and

24   request the articles be made available from the Sierra

25   servers; is that -- is that correct?

1                        JERRY REYNOLDS

2        A.    Yes.

3        Q.    Okay.  So I want to ask this again.  How long

4   do the servers operated by Usenet.com keep copies of

5   those -- of the articles on the servers themselves?

6        A.   I wouldn't have any way to answer that.  I

7   don't know.

8        Q.   Would there be anyone else at the company who

9   would be more knowledgeable on that than yourself?

10       A.   Absolutely not, no.  It's -- the company's me.

11       Q.   Well, how would you try to determine an answer

12  to that question if you were to try and get an answer?

13       A.   Well, Usenet, it's a -- it's a transitory

14  network.  Everything's always flowing.  Nothing's

15  static.  There's many different aspects of what would

16  cause articles to stay on a server for a certain period

17  of time.  So with everything always moving and

18  everything always -- and all the variables always

19  changing by the minute, it is almost impossible to

20  determine any set period of time for articles to be

21  cached on the Usenet.com servers.

22                      THE REPORTER:  Cached you said?

23                      THE WITNESS:  Cached.

24                      MR. SERVODIDIO:  I'm still having a hard

25  time hearing the witness so is there any way to adjust

1                            JERRY REYNOLDS

2   any technical support services to Usenet.com

3   subscribers?

4        A.   Yes.

5        Q.   Can you tell us what those services are?

6        A.   There is a -- a management contract between

7   Usenet.com and Sierra Corporate Design, Inc. where

8   Usenet.com contracts with Sierra to provide tech

9   service.

10       Q.   Okay.  So there are -- are there Sierra

11  employees who respond to e-mails from Usenet.com

12  subscribers?

13       A.   Not currently, no.

14       Q.   How -- how about in the past?

15       A.   In the past, yes.

16       Q.   When did that stop taking place?

17       A.   I'd have to go back and review.

18       Q.   Okay.  Did -- who currently responds to

19  e-mails from Usenet.com subscribers?

20            MR. BAKER:  Gianni, I mean, we've got a

21  certain period of time today and we're talking a lot

22  about Sierra.

23            MR. SERVODIDIO:  I know.

24            MR. BAKER:  Okay.  This is -- this is not

25  a deposition of Sierra.  This is a deposition of

1                    JERRY REYNOLDS

2        A.    Yes, I see that.

3        Q.    Okay.  Is that -- is your understanding that

4    that would be the user name of one of your subscribers?

5        A.    I --

6              MR. BAKER:  Are you asking if Helo

7    evilC66 is the user name?

8              MR. SERVODIDIO:  Yeah.

9              MR. BAKER:  Okay.

10       A.    I can't say that.  I'd have to verify what

11   this is.

12       Q.    You're not sure?

13       A.    I've never seen that before.  I don't know.

14       Q.    Do you think that -- sitting here today, do

15   you think that would be anything else other than the

16   user name of one of your subscribers?

17       A.    I believe it could be anybody.

18       Q.    Okay.  I'm going to direct your --

19       A.    I don't -- I don't know.

20       Q.    That's fine.  I'm going to direct your

21   attention to the third page of the document.  At the

22   very top of -- the very first line on that page,

23   Mr. Reynolds, dated 5-16-2008, do you see that?

24       A.    The very first line?

25       Q.    Yes, the very first line underneath where it

                          JERRY REYNOLDS

1

2   says news3.log.

3       A.   Yes.

4       Q.   Do you see that line?

5            Can you identify what -- what that line

6   signifies for us?

7       A.   You would like me to read it?

8       Q.   No, I'd like your understanding of what it

9   means.

10      A.   I -- I can't say.  I -- I don't review these

11  type of logs.  I don't work with them.  I don't know

12  what this --

13      Q.   Who does at your company?

14      A.   Nobody.  There's -- there's --

15      Q.   Does --

16      A.   There's just me.

17      Q.   Okay.  Is there any consultants who -- or

18  other people that you employ who would have more

19  knowledge about these types of logs than yourself?

20      A.   No.

21      Q.   Okay.  Does it -- the line, though, that I

22  referred you to does have something at the end called an

23  art -- and it says article and then there's a number.

24  Do you see that?

25      A.   Yes.

Page 121

JERRY REYNOLDS

1        I, JERRY REYNOLDS, have read the foregoing
2   deposition and hereby affix my signature that same is
3   true and correct, except as noted above.
4
5
6                              _____
7                              JERRY REYNOLDS
8   THE STATE OF _____)
9   COUNTY OF _____)
10
11       Before me, _____, on this day
12  personally appeared JERRY REYNOLDS, known to me to be
13  the person whose name is subscribed to the foregoing
14  instrument and acknowledged to me that they executed the
15  same for the purposes and consideration therein
16  expressed.
17       Given under my hand and seal of office this _____
18  day of _____, 2008.
19
20
21                              _____
22                              NOTARY PUBLIC IN AND FOR
23                              THE STATE OF _____
24                              COMMISSION EXPIRES:_____
25

Page 122

1                         JERRY REYNOLDS
2              UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF NEW YORK
3

     _____
4    ARISTA RECORDS LLC; ATLANTIC   )
     RECORDING CORPORATION; BMG      )
5    MUSIC; CAPITOL RECORDS, INC.;   )
     CAROLINE RECORDS, INC.;         )
6    ELEKTRA ENTERTAINMENT GROUP     )
     INC.; INTERSCOPE RECORDS;       )
7    LAFACE RECORDS LLC; MAVERICK    )Case No. 07-civ-8822 (HB)
     RECORDING COMPANY; SONY BMG     )
8    MUSIC ENTERTAINMENT; UMG        )
     RECORDINGS, INC.; VIRGIN        )
9    RECORDS AMERICA, INC.; WARNER   )
     BROS. RECORDS INC.; and ZOMBA   )
10   RECORDING LLC                   )
                                     )
11                   Plaintiffs,     )
                                     )
12              v.                   )
                                     )
13   USENET.COM, INC.                )
                                     )
14                   Defendants.     )
     _____)
15
                    REPORTER'S CERTIFICATION
16              DEPOSITION OF JERRY REYNOLDS
                      AUGUST 13, 2008
17
18       I, Aubrea Hendricks, Certified Shorthand Reporter,
19   Registered Professional Reporter and Certified LiveNote
20   Reporter in and for the State of Texas, hereby certify
21   to the following:
22       That the witness, JERRY REYNOLDS, was duly sworn by
23   the officer and that the transcript of the oral
24   deposition is a true record of the testimony given by
25   the witness;

```
 1                        JERRY REYNOLDS
 2           That the deposition transcript was submitted on
 3      _____ to the witness or to the attorney
 4      for the witness for examination, signature and return to
 5      me by _____ ;
 6           That the amount of time used by each party at the
 7      deposition is as follows:
 8           MR. GIANNI P. SERVODIDIO - 02:36
 9           That pursuant to information given to the
10      deposition officer at the time said testimony was taken,
11      the following includes counsel for all parties of
12      record:
13      FOR THE PLAINTIFFS:
             Mr. Gianni P. Servodidio, Esq.
14           JENNER & BLOCK, LLP
             919 Third Avenue, 37th Floor
15           New York, New York 10022
             T:  (212) 891-1690
16           F:  (212) 891-1699
17
18      FOR THE PLAINTIFFS:
             Ms. Tracy Penn, Esq.
19           GARDERE WYNNE SEWELL, LLP
             1000 Louisiana, Suite 3400
20           Houston, Texas 77002-5011
             P:  (713) 276-5500
21           F:  (713) 276-5555
22
23      FOR THE RECORDING INDUSTRY ASSOCIATION OF AMERICA:
             Mr. Scott A. Zebrak, Esq.
24           1025 F Street, N.W., 10th Floor
             Washington, DC 20015
25           P:  (202) 857-9608
```

Page 124

                              JERRY REYNOLDS

1

2

3   FOR THE DEFENDANT:
          Mr. Charles S. Baker, Esq.
4         PORTER & HEDGES, LLP
          Reliant Energy Plaza
5         1000 Main Street, 36th Floor
          Houston, Texas 77002
6         P:  (713) 226-6676
          F:  (713) 226-6276
7

8        That $_____ is the deposition officer's
9   charges to the PLAINTIFFS for preparing the original
10  deposition transcript and any copies of exhibits;
11       I further certify that I am neither counsel for,
12  related to, nor employed by any of the parties or
13  attorneys in the action in which this proceeding was
14  taken, and further that I am not financially or
15  otherwise interested in the outcome of the action.
16       Certified to by me this 13th day of
17  August, 2008.
18

19

20                      _____
                        Aubrea Hendricks, TX CSR # 7143
                        Expiration Date:  12/31/08
21

22

23

24

25

# EXHIBIT 3

# REDACTED

# EXHIBIT 4

# REDACTED

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy thereof of the foregoing Reply Declaration of Gianni P. Servodidio in Support of Plaintiffs' Motion for Leave to File Amended Complaint has been served via email:

Charles S. Baker, Esq.     Lauren E. Handler, Esq.
Joseph D. Cohen, Esq.     Porzio, Bromberg, & Newman, P.C.
John R. Hawkins, Esq.     100 Southgate Parkway
Porter & Hedges LLP     P.O. Box 1997
RELIANT ENERGY PLAZA   Morristown, NJ 07962-1997
1000 Main Street, 36th Floor
Houston, TX 77002


Date:  September 12, 2008


           _____
           Gianni P. Servodidio

19841.1