```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARISTA RECORDS LLC; ATLANTIC           :
RECORDING CORPORATION; BMG MUSIC;:
CAPITAL RECORDS, LLC; CAROLINE         :
RECORDS, INC.; ELEKTRA                 :
ENTERTAINMENT GROUP INC.;              :
INTERSCOPE RECORDS; LAFACE             :
RECORDS LLC; MAVERICK RECORDING        :
COMPANY; SONY BMG MUSIC                :
ENTERTAINMENT; UMG RECORDINGS,         :
INC.; VIRGIN RECORDS AMERICA, INC.;    :
WARNER BROS. RECORDS INC.; and         :
ZOMBA RECORDING LLC,                   :
                                       :   07 Civ. 8822 (HB)
                   Plaintiffs,         :
                                       :   OPINION & ORDER
       -against-                       :
                                       :
USENET.COM., INC.; SIERRA CORPORATE    :
DESIGN, INC.; and GERALD REYNOLDS,     :
                                       :
                   Defendants.         :
                                       :
------------------------------------------------------------x
```

**Hon. Harold Baer, Jr., District Judge:**

      Fourteen recording companies ("Plaintiffs") have sued Defendants Usenet.com, Inc. ("Usenet"), Gerald Reynolds ("Reynolds"), and Sierra Corporate Design, Inc. ("Sierra") pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, for alleged infringement of Plaintiffs' copyrighted sound recordings. Plaintiffs move to dismiss or strike Usenet's seven counterclaims for declaratory judgment. For the reasons set forth below, Plaintiffs' motion is granted and Usenet's counterclaims are dismissed.

## I.  FACTUAL BACKGROUND

      Plaintiffs are record companies that produce, manufacture, distribute, sell, and license sound recordings in the United States. (Am. Compl. ¶ 10.) Plaintiffs own the exclusive rights to a number of copyrighted sound recordings that are sold in the United States. (*Id.* ¶ 11.) Plaintiffs sell these sound recordings in different tangible formats, including CDs and cassettes, and on the internet as digital audio files through Apple's iTunes, Napster, Rhapsody, and other online music providers. (*Id.* ¶ 12.)

1

Defendants operate computer servers that form part of an internet network called "Usenet." Through their website, www.usenet.com, they sell subscribers a service that provides access to the Usenet network. (*Id.* ¶ 18.) Plaintiffs allege that, for a monthly fee, Defendants provide customers with access to newsgroups,[1] including many that are "openly dedicated to the illegal distribution of Plaintiffs' copyrighted sound recordings." (*Id.* ¶ 21.) Plaintiffs also allege that these newsgroups are similar to Napster and other peer-to-peer services that have been found to distribute copyright infringing material. (*Id.* ¶¶ 21-22.) Plaintiffs allege that when a Usenet subscriber uploads copyrighted material to one of Usenet's newsgroups, Usenet stores the copyrighted material on its servers and makes it available to its users. (*Id.* ¶ 22.) Plaintiffs assert that "Defendants use the lure of free, copyrighted sound recordings as a draw to their service, attracting subscribers and thereby earning revenues." (*Id.* ¶ 23.)

On October 12, 2007, Plaintiffs brought suit against Usenet for monetary damages and declaratory and injunctive relief for copyright infringement.[2] In its Answer, Usenet asserts twenty-four affirmative defenses, including that its conduct is "protected" by Section 512 of the Digital Media Control Act ("DMCA"), 17 U.S.C. § 512. Usenet also brings seven counterclaims that seek declaratory judgments to the effect that Section 512 of the DMCA shields Usenet from liability and that Usenet's activities do not constitute copyright infringement. (Answer at 10.)

Plaintiffs move to strike or dismiss Usenet's counterclaims on the grounds that they are redundant or mistakenly labeled affirmative defenses, pursuant to Fed. R. Civ. P. 12(f) and 8(c)(2), that the counterclaims fail to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), or that the Court lacks subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f). Rule 8(c)(2) also provides that "[i]f a party mistakenly designates a defense as a counterclaim . . . the court must, if justice

---

[1] "Newsgroups are online bulletin boards dedicated to particular topics or subject matters on which users can post and respond to messages." (Am. Compl. ¶ 18.) Today, many of these newsgroups are "binary newsgroups" that allow users to upload and download large computer files, as well as post comments on others' files. (*Id.*) Plaintiffs allege that most of the newsgroups in the Usenet network are binary newsgroups and that many of them distribute copyrighted material. (*Id.* ¶¶ 19-20.)

[2] On September 17, 2008, Plaintiffs filed an Amended Complaint that added Reynolds and Sierra as Defendants.

requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  Fed. R. Civ. P. 8(c)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  The factual allegations within the claim "must be enough to raise a right to relief above the speculative level."  *Id*.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim must be dismissed when the federal court "lacks jurisdiction over the subject matter."  "When considering a motion to dismiss for lack of subject-matter jurisdiction . . . , a court must accept as true all material factual allegations in the complaint."  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted).  However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Id.* (citation omitted).  It is the claimant who bears the burden of establishing the court's jurisdiction by a preponderance of the evidence.  *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).  The Declaratory Judgment Act confers federal courts with the discretion to exercise or decline subject-matter jurisdiction over a request for a declaration of the party's "rights and other legal relations.  *See* 28 U.S.C. § 2201(a).

### III.  DISCUSSION

"A party has a right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party."  *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994); *see also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) ("In order to decide whether to entertain an action for declaratory judgment, we have instructed district courts to ask: (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.").

Two opinions by the Court of Appeals for the Second Circuit are particularly instructive in this instance: *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88 (2d Cir. 1939), and *Larson v. General Motors Corp.*, 134 F.2d 450 (2d Cir. 1943). In *Leach*, the plaintiff, a patent holder, asserted a cause of action for patent infringement against the defendant, which, according to the patent holder, was in the business of selling infringing products. 104 F.2d at 89. The defendant's counterclaims sought declaratory judgments that the plaintiff's patents were invalid and that the defendant had not infringed them. *Id.* The district court dismissed the counterclaim, but the Second Circuit reversed, primarily because if the plaintiff were to dismiss its suit, there would be no judgment on the merits and the controversy reflected in the defendant's counterclaims would remain. *Id.* at 89-92. It is significant that in *Leach*, unlike here, the defendant alleged that the plaintiff had also threatened patent infringement actions against its customers, and one of the defendant's counterclaims asserted that the plaintiff's patents were not valid in the first place. *Id.* For all these reasons, the counterclaims for declaratory judgments were permitted to proceed.

In *Larson*, on the other hand, the Court of Appeals held that the defendants' counterclaim for declaratory judgment could not lie. The plaintiff sued for patent infringement, and the defendants' counterclaim sought a declaratory judgment that the defendant had not infringed the plaintiff's patent. Unlike *Leach*, the counterclaim in *Larson* did not assert that the plaintiff's patent was invalid. *See* 134 F.2d at 452. When the plaintiff consented to a dismissal of its claim on the merits, the district court retained jurisdiction over the counterclaim. The Second Circuit reversed, on the ground that because the judgment dismissing the plaintiff's action barred any future claims and the defendants faced no threat of future litigation, no case or controversy existed in connection with the defendants' counterclaim. *Id.* Therefore, because the counterclaim provided no independent basis for justiciability, the Court held that the counterclaim must be dismissed.

In *Maverick Recording Co. v. Chowdhury*, Nos. 07 Civ. 200 & 07 Civ. 640, 2008 WL 3884350 (E.D.N.Y. Aug. 19, 2008), Judge Trager in the Eastern District of New York observed that *Leach* and *Larson* articulate the principle that a counterclaim seeking a declaration of non-infringement is viable only when it presents an independent case or controversy that would survive a dismissal of the plaintiff's infringement claim. *Id.* at *2. Similarly, in *Interscope Records v. Kimmel*, No. 07 Civ. 108, 2007 WL 1756383, at *2 (N.D.N.Y. June 18, 2007), Judge

4

McAvoy in the Northern District of New York read *Leach* and *Larson* to hold that when a counterclaim is merely a "mirror image" of the complaint, the counterclaim serves no purpose and may be dismissed. *Id.* at *2.

### A. Usenet's First through Sixth Counterclaims

The declaratory judgments sought in Usenet's first six counterclaims parallel its affirmative defense of a limitation of liability under the DMCA. Specifically, Usenet seeks declaratory judgments that (1) Usenet is a service provider as defined by the DMCA, 17 U.S.C. § 512(k)(1); (2) Usenet's conduct falls within the protections of 17 U.S.C. § 512(a); (3) Usenet's conduct falls within the protections of 17 U.S.C. § 512(c); (4) the notice served by Plaintiffs on Usenet was deficient under 17 U.S.C. § 512(c)(3); (5) Usenet has adopted and reasonably implemented, and informs subscribers and account holders of Usenet, a policy that provides for the termination in appropriate circumstances of repeat infringers as required by 17 U.S.C. § 512(i)(1)(A); and (6) Usenet accommodates and does not interfere with standard technical measures as defined by 17 U.S.C. § 512(i)(2).

The DMCA provides a safe harbor for internet service providers, such as Usenet, when certain statutory requirements are met. In addition to the six counterclaims enumerated above, Usenet's twenty-third and twenty-fourth affirmative defenses assert that Plaintiffs' claims are barred because Usenet's conduct falls within the protections of the DMCA and Plaintiffs failed to comply with the DMCA's notice provisions, at 17 U.S.C. § 512. (Answer at 9.) The sections of the DMCA referenced in Usenet's counterclaim—17 U.S.C. § 512(a), (c), (i) and (k)—set forth the requirements that a "service provider" must meet to be shielded from liability for copyright infringement.[3]

The DMCA does not provide an affirmative cause of action. *See Ellison v. Robertson,* 357 F.3d 1072, 1077-78 (9th Cir. 2004) (discussing Section 512 safe harbors, reviewing legislative history and determining that the "limitations of liability apply if the provider is found to be [already] liable *under existing principles of law.*") (emphasis in original); *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1271-72 (S.D. Cal. 2007) ("There can be

---

[3] The counterclaims themselves are redundant because Usenet's conduct is not protected by Section 512(a) or (c) of the DMCA (*i.e.*, second and third counterclaims), unless Usenet is a "service provider" as defined by the DMCA (*i.e.*, first counterclaim) and has fulfilled the requirements of Section 512(i) (*i.e.*, fifth and sixth counterclaims). Moreover, Usenet's conduct is not protected by Section 512(c) (*i.e.*, third counterclaim), unless Plaintiffs' notice was deficient (*i.e.*, fourth counterclaim).

no question that Section 512(c) is usually and most easily applied as an affirmative defense to a claim of specific copyright infringement. . . . the safe harbor presupposes that a specific allegation of infringement has already been levied.").

The counterclaims add nothing to the affirmative defenses, other than an indication of the specific subsections of the DMCA that allegedly limit Usenet's liability, and they do not constitute an independent cause of action. If the plaintiff were to dismiss its infringement claim, Usenet's defense under the DMCA could not stand on its own and there would be no remaining case or controversy. Moreover, Usenet's argument that its counterclaims are "factually" distinguishable from Plaintiffs' claim is unavailing because Usenet has not made any independent factual allegations; its counterclaims consist of the same legal assertions as those made in its defenses. *See Strickrath v. Globalstar, Inc.*, No. CO7-1941, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (observing that a court should dismiss or strike a redundant counterclaim when there is a complete identity of factual and legal issues between the complaint and the counterclaim).

Usenet's argument that it will be precluded from recovering costs and attorneys' fees if its counterclaims are dismissed lacks merit. Section 505 of the Copyright Act permits the court, in its discretion, to "allow the recovery of full costs by or against any party" and to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. If Plaintiffs' claim were ultimately to fail, this Court would have the discretion to award costs and attorneys' fees, irrespective of any counterclaims. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike [under the Copyright Act].").

Therefore, Usenet's first through sixth counterclaims serve no purpose because they mirror the issues raised in Plaintiffs' Complaint, constitute no affirmative cause of action, and are duplicative of Usenet's affirmative defenses.

### B. Usenet's Seventh Counterclaim

Usenet's seventh counterclaim seeks a declaratory judgment that its activities do not constitute inducement of copyright infringement, contributory copyright infringement, or vicarious copyright infringement. (Answer at 10.) Because this counterclaim, too, is a mirror image of Plaintiffs' copyright infringement claim, it must be dismissed. Unlike the defendant in

*Leach*, Usenet does not allege that Plaintiffs' copyrights are invalid, and the counterclaim reflects no independent case or controversy.

If Plaintiffs were to voluntarily dismiss their Complaint, Usenet would not necessarily be threatened with future litigation by Plaintiffs, because once an answer has been filed the Court has the discretion to determine the proper terms of dismissal and whether it is with prejudice. *See* Fed. R. Civ. Pro. 41(a); *Strickrath v. Globalstar, Inc.*, No. CO7-1941, 2008 WL 2050990, at *5 n.4 (N.D. Cal. May 13, 2008) ("The adoption of Fed. R. Civ. P. 41(a), which provides that a plaintiff cannot terminate the action as of right once defendant has filed an answer, means that defendants no longer need a counterclaim solely to protect against a plaintiff's dismissal without prejudice.") (quoting Wright & Miller, Fed. Practice & Procedure § 1406 at 34).

## IV. CONCLUSION

Usenet's counterclaims must be dismissed because they do not present an independent case or controversy that would survive a dismissal of Plaintiffs' infringement claim. For the foregoing reasons, Plaintiffs motion to dismiss Usenet's counterclaims is GRANTED. The Clerk of the Court is instructed to close this motion.

**IT IS SO ORDERED.**
New York, New York
November 24, 2008

_____
U.S.D.J.

7