UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITAL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> USENET.COM, INC.; SIERRA CORPORATE DESIGN, INC.; and GERALD REYNOLDS, <br><br> Defendants. | ECF CASE <br><br> 07-CIV-8822(HB) |

### DECLARATION OF BRAD ALLISON IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Brad Allison, hereby declare the following to be true under penalty of perjury:

1. My name is Brad Allison. I am over eighteen years of age, of sound mind, and in all ways qualified and competent to make this declaration. I was formerly employed by Defendant Sierra Corporate Design, Inc. ("Sierra"). I have personal knowledge of the statements of fact contained in this declaration and they are true and correct.

1554738

2. While employed with Sierra, I was tasked with several duties regarding customer support and abuse complaint processing, among other technical duties.

3. I have read and reviewed the Declarations of Matthew Borud, Jolene Goldade, and Ina Donova attached to Plaintiffs' Motion for Summary Judgment.

4. As a Sierra employee, I, like all other Sierra employees, was required by management to sign a network acceptable usage policy ("AUP") on at least two occasions. I understood the terms of the AUP to prohibit Sierra employees from sharing music files via Sierra's internal network.

5. Management did not tolerate violations of the AUP. When a former Sierra employee, Darrick Johnson, was caught downloading movies at work, Lesa Kraft, then President of Sierra, fired Mr. Johnson for violation of the AUP. I am not aware of any other instances where Sierra employees used the internal network to share music files as Borud, Goldade, and Danova claim. Since no one else was terminated for violating the AUP in this way, I am certain that management was unaware of these activities contrary to what Borud, Goldade, and Danova claim.

6. Periodically, Sierra scanned all employee computers to ensure compliance with the AUP. The scans were performed by senior staff members including Miro Stoichev, Matthew Borud, Jerry Reynolds, and myself. Sierra's policy prohibited employees from scanning their own computers. During the scans, we were instructed to search for music and movie files as well as what programs were installed on an employee's computer. Sierra had a set list of programs which were allowed. Out of all the scans I performed, I did not find any music or movie files, but I did find and promptly uninstall unauthorized programs from some computers.

7. At the time I left Sierra, employee computers were configured in such a way that files stored in the "My Documents" directory were saved directly to a server-connected redundant data (RAID) disk enclosure, which was located at the Sierra home office in Fargo, North Dakota. Employees were instructed to store all of their files there. Employees working remotely stored their files on a secure USB key. Emails were also stored on the RAID. Email configuration settings were periodically checked by Jessica Heiberg to confirm compliance. It was she who initially configured the email clients to save email messages to the server. She also configured and periodically verified the retention policy settings for each employee. According to the retention policy, any and all emails containing Usenet.com were to be preserved indefinitely.

8. From the Goldade, Borud, and Danova declarations, I understand that the three claim Mr. Reynolds knew about and even directed the writing of several "essays," which were posted on the UCI website. While I am not aware as to the extent of Sierra's knowledge of the essays prior to this litigation, after the litigation began, I do recall Mr. Reynolds expressing signs of shock and disgust to me upon learning of the content of some of the essays. At the same time, Mr. Reynolds expressed to me that he would never have allowed such essays to be posted, which indicated to me that he was unaware of their presence on the Usenet.com website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is sworn to this 27TH day of March, 2009.

_____
Brad Allison