UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ARISTA RECORDS LLC; ATLANTIC
RECORDING CORPORATION; BMG MUSIC;
CAPITOL RECORDS, LLC.; CAROLINE
RECORDS, INC.; ELEKTRA ENTERTAINMENT
GROUP INC.; INTERSCOPE RECORDS;
LAFACE RECORDS LLC; MAVERICK
RECORDING COMPANY; SONY BMG MUSIC
ENTERTAINMENT; UMG RECORDINGS, INC.;
VIRGIN RECORDS AMERICA, INC.; WARNER
BROS. RECORDS INC.; and ZOMBA
RECORDING LLC,

          *Plaintiffs*,

v.

USENET.COM, INC.; SIERRA CORPORATE
DESIGN, INC.; and GERALD
REYNOLDS,

          *Defendants*.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/09

Case No. 07-civ-8822 (HB)

[PROPOSED] PRELIMINARY
INJUNCTION AGAINST
DEFENDANTS USENET.COM,
INC. AND GERALD
REYNOLDS TO PRESERVE
ASSETS AND ORDER TO
SHOW CAUSE RE
APPOINTMENT OF
RECEIVER

WHEREAS, on August 17, 2009, the District Court conducted a conference with Plaintiffs Arista Records *et. al.* and Defendants Usenet.com, Inc. ("UCI") and Reynolds (collectively, "Defendants"),[1] to address defendants' purported efforts transfer certain assets relating to defendants' UCI business including the www.usenet.com domain name;

WHEREAS, Plaintiffs' Application for a Preliminary Injunction and Order to Show Cause to Preserve Assets, has come before the Court, the Court has considered the Application and the arguments presented by the parties regarding same;

---

[1] Defendant Sierra Corporate Design, Inc. has filed a Suggestion of Bankruptcy advising that it has filed a petition pursuant to Chapter 7 of the Bankruptcy Code in the District of North Dakota. As such, all further proceedings with respect to Sierra have been stayed at this time.

Based on the submissions before it, and all matters of record in this action, and having found that this is a proper case for granting a preliminary injunction and an order to show cause, and that plaintiffs will suffer irreparable harm unless the requested relief is granted:

IT IS HEREBY ORDERED that Defendants, and each of them, including their respective officers, agents, servants, employees, parents, subsidiaries, heirs, assigns and attorneys, and all those persons in active concert or participation with each or any of them who receive actual notice of this Preliminary Injunction, shall be preliminary enjoined and restrained from engaging in any of the following:

(a) Selling, transferring, or otherwise disposing of the usenet.com.com domain name, either by acting individually or through any corporation or other entity that they own, control or operate, until such time as the Court has considered and ruled on plaintiffs' proposed final injunctive relief. To the extent defendants have any lawful means to recover possession, custody or control of the www.usenet.com domain name, they shall promptly take all such steps to do so and inform plaintiffs of the steps taken and outcome.

(b) Selling, transferring, or otherwise disposing of any other assets associated with the UCI service, including any brand names, subscriber lists, software, trade secrets, technology or other equipment used in the operation of such businesses.

(c) Dissipating or transferring any other of defendants' funds, assets or revenue of any kind until such time as any monetary judgment award to Plaintiffs in this case has been satisfied. *See* Fed. R. Civ. P 64(a) and NYCPLR § 6301; *see also, e.g., Winchester Global Trust Co. v. Donovan*, 58 A.D.3d 833, 834 (2d Dep't 2009)(preliminary injunctive relief is proper where party's uncontrolled sale or disposition of assets "would threaten to render ineffectual any

judgment which the plaintiff might obtain"). Nothing herein, however, shall prevent defendants from using funds reasonably necessary to pay daily living expenses, provided that all such expenses shall be documented and accounted for by defendants.

IT IS FURTHER ORDERD THAT, within three (3) days of the date of service of this Order, defendants shall:

(a) Serve Plaintiffs via email and overnight courier with a declaration under oath describing in detail the circumstances of any purported transfer of the usenet.com domain name, including without limitation, (i) the identity of any purported transferee (including any third party broker facilitating any such transfer), (ii) any consideration of any kind received by or promised to defendants for any purported transfer, (iii) the location of any funds obtained by defendants in connection with any transfer of the usenet.com domain name, (iv) defendants' current or anticipated role in providing any services to the purported transferee or related to the usenet.com domain name, (v) any relationship of any kind (whether formal or informal, direct or indirect) between defendants and any purported transferee, and (vi) the existence of any agreements of any kind with any purported transferee (or third party broker) regarding the usenet.com domain name.

(b) Produce to plaintiffs all any all documents in their possession, custody or control that refer to relate to any purported transfer of usenet.com domain name to any third party including without limitation documents reflecting the identity of any purported transferee (or third party broker), any communications with any transferee (or third party broker), any consideration of any kind received by or promised to defendants for any purported transfer of the usenet.com domain name, the location of any funds obtained by defendants in connection with any transfer of the usenet.com domain name, defendants' current or anticipated role in providing

3

any services to the purported transferee or related to the usenet.com domain name, any relationship of any kind (whether formal or informal, direct or indirect) between defendants and any purported transferee, and the existence of any agreements of any kind with any transferee of the usenet.com domain name or any broker facilitating any such transfer.

(c) Appear for a deposition in this District within seven days following the production of the declaration and documents and required above, unless plaintiffs inform defendants in writing that the information supplied by defendants in their responses to (a) and (b) above are sufficient.

(d) Provide full and current contact information to plaintiffs and the Court where they may be served in this case including a telephone number, physical address, email address, and fax number. Until the conclusion of this action, including any appeals, defendants shall inform plaintiffs and the Court of any changes to their contact information within 48 hours of the change taking place.

IT IS HEREBY FURTHER ORDERED that Plaintiff shall be required to post bond in the amount of $1000 which is an amount that the Court considers proper in light of the facts, circumstances and status of this case.

IT IS HEREBY FURTHER ORDERED that defendants show cause in writing, no later than by 5:00 p.m. on August 24 2009, why a receiver should not be appointed pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5228, to administer all assets of defendants, including without limitation real or personal property in which the defendants have an interest, and who shall be authorized to do any other acts designed to preserve defendants' assets to be available to satisfy any judgment in this case, where, as here, the Court finds that "leaving the property in the hands

of the judgment debtor creates a risk of fraud or insolvency," *see United States v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992).

Plaintiffs shall have August 28, 2009 to file their response in writing to defendants' submission, following which this matter will be deemed submitted for determination by the Court.

IT IS HEREBY FURTHER ORDERED that the parties shall have until September 7, 2009 to file their submissions on the form of the proposed permanent injunction in this case, and plaintiffs shall have until September 11, 2009 to submit their proposed finding on damages and defendants shall have until September 18 to file their response to same.

IT IS SO ORDERED, this __19__ day of August, 2009.

Hon. Harold J. Baer, Jr.
United States District Judge

SUBMITTED BY

Date: August 17, 2009

_____
Steven B. Fabrizio
Jenner & Block LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
Telephone (202) 639-6000
Facsimile (202) 639-6066
*-and-*
Gianni P. Servodidio
Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Telephone (212) 891-1690
Facsimile (212) 891-1699

*On Behalf of Plaintiffs*