UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/09

ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, LLC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC,

    Plaintiffs,

v.

USENET.COM, INC.; SIERRA CORPORATE DESIGN, INC.; and GERALD REYNOLDS,

    Defendants.

Case No. 07-civ-8822 (HB)

[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT GERALD REYNOLDS

WHEREAS, in an order dated June 30, 2009 (the "Liability Order"), the District Court granted Plaintiffs Arista Records LLC *et. al.*'s Motion for Summary Judgment on liability against Defendant Gerald Reynolds[1] ("Reynolds"), and ordered that the parties submit supplemental briefing and proposed orders on the scope of permanent injunctive relief; and

WHEREAS, the Plaintiffs' Motion for Permanent Injunctive Relief Against Defendant Reynolds has come before the Court, and the Court has considered the Memorandum in support

---

[1] Defendant Sierra Corporate Design, Inc. ("Sierra") and Usenet.com, Inc. ("UCI") have both separately filed bankruptcy petitions pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of North Dakota. As such, all further proceedings in this Court with respect to Sierra and UCI have been stayed at this time.

thereof, the arguments presented therein, any submissions by Defendant Reynolds, and all arguments presented by the parties; and

WHEREAS, the Liability Order established that Reynolds is liable for direct and secondary infringement of Plaintiffs' copyrighted works via his operation of the Usenet.com service, and the Court finds that there is a threat of continuing infringement absent an injunction; and

WHEREAS, the Court finds that Plaintiffs will suffer irreparable injury absent an injunction, Plaintiffs lack an adequate remedy at law, injunctive relief serves the public interest, and that the balance of hardship for injunctive relief is plainly in Plaintiffs' favor, and Plaintiffs are therefore entitled to injunctive relief.

In view of the foregoing, the Court hereby enters this Permanent Injunction in favor of Plaintiffs and against Defendant Reynolds, and HEREBY ORDERS THAT:

1. For the purposes of this Permanent Injunction: A) "**UCI Service**" shall refer to the www.usenet.com service offered to defendants' Usenet.com subscribers, including all websites, software, databases, electronic data and any servers operated (directly or indirectly) by Reynolds, any affiliated entities or any other third party with whom Reynolds (direct or indirectly) has contracted to provide Usenet storage services. B) "**Affiliated Usenet Service**" shall include any Usenet service or servers directly or indirectly owned, operated or offered by or on behalf of Reynolds, or that will be owned, operated or offered by or on behalf of Reynolds, that facilitates the downloading, uploading, indexing, searching for, or propagation of content to or from any Usenet servers or the Usenet network, including without limitation the following services: newsfeeds.com, binaries.net,

superfeed.net, nuthinbutnews.com, pronews.com, newsgroups.com and bincrawler.com. C) **"Copyrighted Works"** shall mean copyrighted works, or portions thereof, whether now in existence or later created, in which any Plaintiff (or parent, subsidiary, affiliate, or distributed label of any Plaintiff) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., or under state or common law.

2. Reynolds and his agents, servants, employees, heirs, assigns and attorneys, and all those persons in active concert or participation with each or any of them who receive actual notice of this Permanent Injunction, and all those persons in active concert or participation with each or any of them who receive actual notice of this Order:

   (a) shall be permanently enjoined and restrained from, directly, indirectly, contributorily, or vicariously infringing in any manner any and all Copyrighted Works, including but not limited to, engaging in any of the following without appropriate written authority or license from the appropriate copyright holder:

   (i) copying, reproducing, downloading, distributing, uploading, indexing, transmitting, or publicly performing any of the Copyrighted Works; and

   (ii) enabling, facilitating, permitting, assisting, soliciting, encouraging, materially contributing to, or inducing any person or entity to use the UCI Service or any Affiliated Usenet Service: (A) to locate, copy, reproduce, download, distribute, upload, link to, transmit, or

publicly perform any of the Copyrighted Works, or (B) to make any of the Copyrighted Works available for copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance.

(b) If necessary to comply completely and strictly with the terms of this paragraph, Reynolds shall cease all operation of, or all assistance in or support of the operation of, any such computer server, computer program, website, or online system, network or service, including by ceasing operation of the UCI Service and any Affiliated Usenet Service.

3. If Reynolds sells, leases, conveys, transfers, or assigns his individual interest in any part of the software, hardware, servers, other technology, domain names, trademarks, brands, or goodwill in any way used in the operation of the UCI Service or any Affiliated Usenet Service, including the Usenet.com domain name, he will require, as a condition of any such transaction, that the purchaser, lessee, transferee, or assignee (a) submit to the Court's jurisdiction and venue, (b) agree to be bound by the terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against Reynolds. Reynolds will not allow any such transaction to close unless and until the Court has entered such an order. To the extent that Reynolds personally owned the Usenet.com domain name and has any lawful means to recover possession, custody or control of the Usenet.com domain name, or, alternatively, to require any purchaser, lessee, transferee, or assignee to comply with the

conditions set forth above, he shall promptly take all steps to do so and inform Plaintiffs of the steps taken and outcome.

4. Nothing contained in this Permanent Injunction limits the right of Plaintiffs to recover damages for any and all infringements by Reynolds of Plaintiffs' Copyrighted Works occurring before or after the date of entry of this Permanent Injunction, or to otherwise seek to recover damages under 17 U.S.C. § 504.

5. Violation of this Permanent Injunction shall expose Reynolds to all applicable penalties, including for contempt of Court.

6. The Court shall maintain jurisdiction over this action for the purposes of enforcing this Permanent Injunction.

SO ORDERED, this __8__ day of __Oct__, 2009.

_____
Hon. Harold Baer, Jr.
United States District Judge